**DEERFIELD LAND JOINT VENTURE,** et al., Appellants,

v.

**SOUTHERN UNION REALTY COMPANY, Appellee.**

No. 05–88–00546–CV.

Court of Appeals of Texas, Dallas.

Aug. 22, 1988.

Rehearing Denied Sept. 27, 1988.

G. Leroy Street, Gregg A. Cooke, Dallas, for appellants.

Joseph G. Werner, Leonard A. Hirsch, Dallas, for appellee.

Before ENOCH, C.J., and BAKER and KINKEADE, JJ.

ON MOTION TO SUPPLEMENT
THE RECORD

BAKER, Justice.

Deerfield Land Joint Venture and DB–WS Limited Partnership (collectively

"Deerfield") move this Court for leave to file seven pretrial depositions as part of the record on this appeal. Southern Union Realty Company ("Southern Union") does not oppose the motion and has filed its own motion seeking leave to file four of the same seven depositions in a supplemental transcript, because it intends to rely upon that deposition evidence itself for its argument on appeal. For the reasons given below, we deny the motions.

Deerfield sued Southern Union on several claims, including claims based on the Texas Deceptive Trade Practices Act. Southern Union answered, but did not seek affirmative relief. Both parties filed motions for summary judgment; the motions were later supplemented. Southern Union's motion for summary judgment was granted and Deerfield's motion was denied. The order results in a take-nothing judgment against Deerfield and in favor of Southern Union, and constitutes a final judgment. *Singleton v. LaCoure*, 712 S.W.2d 757, 761 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.).

During discovery, the parties took at least seven depositions, all of which were transcribed. They apparently tendered the transcriptions of those depositions to the clerk of the district court, who, relying on rule 206 of the Texas Rules of Civil Procedure, declined to file the complete texts of the depositions and filed only copies of the court reporters' certificates. TEX.R.CIV. P. 206(1). Rule 206 was amended by order of July 15, 1987, to become effective January 1, 1988. Order of the Supreme Court of Texas, 50 TEX.B.J. 850, 860 (1987). Before the amendment, rule 206(1) required the court reporter to file the complete deposition with the clerk of the trial court. Tex.R.Civ.P. 206(1).

The certificates of the seven depositions were filed with the district clerk, and the certificates appear in the transcript prepared by the clerk. Yet the district clerk's file stamp does not appear on the reporter's transcriptions of the complete depositions. There is no other indication that the depositions in their entirety were actually filed with the district clerk or that the trial court considered them at the time that it granted Southern Union's motion for summary judgment. *See Munoz v. Gulf Oil Co.*, 693 S.W.2d 372, 373 (Tex.1984) (per curiam), *appeal after remand*, 732 S.W.2d 62 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.). Deerfield appears to argue that the depositions were "filed" in compliance with rule 206(1), as amended; Deerfield implies that the rule means that, so long as a court reporter's certificate is filed, the complete transcription of the deposition so certified is deemed filed as a matter of law, even if it is never presented to the trial court. We disagree. Nothing in our record indicates that the depositions themselves were ever left in the custody of the court. *See Standard Fire Insurance Co. v. LaCoke*, 585 S.W.2d 678, 680–81 (Tex.1979).

The seven depositions at issue, not having been before the trial court, are not properly part of the record on this appeal. *Marek v. Tomoco Equipment Co.*, 738 S.W.2d 710, 712 (Tex.App.—Houston [14th Dist.] 1987, no writ); *see also Mooney v. Producers Grain Corp.*, 531 S.W.2d 699, 700 (Tex.Civ.App.—Amarillo 1975, no writ).

The parties request that the record before this Court be supplemented with these depositions, because the parties have agreed that they should be included in our record. They rely on rule 55(b) of the Texas Rules of Appellate Procedure, which provides that, "[i]f anything material to either party is omitted from the transcript or statement of facts, before submission the parties by stipulation ... may direct a supplemental record to be certified and transmitted by the clerk of the trial court.... The appellate court shall permit it to be filed unless the supplementation will unreasonably delay disposition of the appeal."

In their trial pleadings, the parties copiously referred to the depositions that were never filed. Some of the motions and responses did no more than to quote unverified portions of the depositions. While some of the summary judgment motions and responses contained extracts from the depositions attached as exhibits to the

pleadings, these extracts were never properly authenticated or supported by affidavit. We note that, while the motions and responses do have, attached as exhibits, certain documents that have been properly authenticated, the parties overlooked the need to authenticate deposition extracts not otherwise placed before the trial court.

Rule 207 provides that "[a]t the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition taken in the same proceeding, insofar as admissible under the Texas Rules of Civil Evidence, may be used by any person for any purpose against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof." TEX.R.CIV.P. 207(1)(a). *Compare Sturm Jewelry, Inc., v. First National Bank, Franklin,* 593 S.W.2d 813, 815 (Tex.Civ.App.—Waco 1980, no writ).

■ The portion of a deposition upon which a movant for summary judgment relies must be offered as summary judgment evidence. If the deposition has not been previously filed independently with the trial court, the deposition must then be offered as any other summary judgment evidence is offered. The law is clear on how evidence is to be brought forward in a summary judgment proceeding. *See Robinson v. Bullock,* 553 S.W.2d 196, 199 (Tex. Civ.App.—Austin 1977, writ ref'd n.r.e.), *cert. denied,* 436 U.S. 918, 98 S.Ct. 2264, 56 L.Ed.2d 759 (1978). The attorney who has taken the deposition (defined as the attorney who asked the first question appearing in the transcription) is the "custodial attorney" of the deposition. TEX.R.CIV.P. 206(2). The custodial attorney can certainly swear to the authenticity of any portion of a deposition he or she decides to use as an exhibit to a motion for summary judgment. *Compare* TEX.R.CIV.EVID. 902(10)(b). Other attorneys can authenticate copies as true and correct; *see* TEX.R. CIV.EVID. 1004(4); *Ecurie Cerveza Racing Team, Inc. v. Texas Commerce Bank–Southeast,* 633 S.W.2d 574, 575 (Tex.App. —Houston [14th Dist.] 1982, no writ); *Jackson v. Randall,* 544 S.W.2d 439, 441– 42 (Tex.Civ.App.—Texarkana 1976, no

writ). All that was necessary for the parties in this case was to extract those portions of the deposition testimony upon which they wished to rely, properly authenticate them, and attach the extracts to their summary judgment motions and responses.

■ If an attorney has an original deposition and wishes to rely upon the deposition in its entirety to support a motion for summary judgment, he or she can attach the entire deposition, with the original court reporter's certificate to authenticate the deposition, to the motion as an exhibit. If an attorney has only a copy of a deposition or wishes to rely only on excerpted portions of a deposition (so that the excerpted pages are copies), he or she can nonetheless attach the copy or the page copies as an exhibit to the motion for summary judgment, together with a copy of the court reporter's certificate, and his or her own original affidavit certifying the truthfulness and correctness of the copied material. The deposition material is then filed, as an exhibit to the motion for summary judgment itself, and placed before the court; it has been authenticated by the court reporter's original certificate or by the attorney's original affidavit.

■ Instead, the parties now request that we file, in this Court, depositions that were never placed before the trial court. We cannot do so, even with the parties' stipulation. We are required to consider only the evidence tendered or admitted at the time of the summary judgment hearing. *See Southwestern Bell Telephone Co. v. Griffith,* 575 S.W.2d 92, 104 (Tex. Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.). For us to consider evidence for the first time, never presented to the trial court, would effectively convert this Court into a court of original, not appellate, jurisdiction. We would be effectively considering the parties' cross-motions for summary judgment and responses thereto entirely *de novo.* We lack authority to accept the depositions tendered by the parties.

Deerfield's motion for leave to supplement the record and Southern Union's sub-

sequent motion for leave to supplement the record are denied.