Alice MENDEZ, Appellant,

v.

INTERNATIONAL PLAYTEX, INC., et al., Appellees.

No. 13-88-302-CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 31, 1989.

Rehearing Denied Sept. 28, 1989.

Thomas M. Schumacher, Corpus Christi, for appellant.

Peter J. Balega, San Antonio, for appellees.

Before SEERDEN, UTTER and DORSEY, JJ.

OPINION

SEERDEN, Justice.

Appellant contests a summary judgment and the trial court's denial of her motion for a new trial in a products liability and negligence action. We affirm the trial court's judgment.

By her petition, appellant alleged that she suffered toxic shock syndrome from use of tampons manufactured or distributed by one or more of various defendants. Kimberly–Clark Corp. and Tampax, Inc. obtained summary judgments in October, 1984, and were severed from the suit. In November, 1984, the trial court granted a summary judgment for Procter and Gamble Co., Inc., Procter and Gamble Co., Procter and Gamble Distributing, and Procter and Gamble Paper Products Co., on all theories except the implied warranty claim. In November, 1985, the trial court struck appellant's remaining pleadings against the Procter & Gamble defendants as sanctions for failure to comply with its discovery orders, but failed to name Procter & Gamble Co., Inc. in its order. In January, 1987, the trial court granted a summary judgment for International Playtex, Inc. An attempted appeal was dismissed for want of jurisdiction because of a lack of disposition of claims against Procter & Gamble Co., Inc. On March 16, 1988, the trial court signed a Final Order of Dismissal, in which its determined that although appellant had named the Procter & Gamble Co., Inc., as a defendant, such a corporation did not exist, and disposed of all of the claims.

By point one, appellant argues that the trial court erred in granting a summary judgment in favor of appellee because there were genuine issues of material fact.

■ The burden is on the movant to show entitlement to judgment as a matter of law. *Goswami v. Metropolitan Savings & Loan Association*, 751 S.W.2d 487, 491 (Tex.1988). A defendant moving for summary judgment must show as a matter of law that the plaintiff has no cause of action against him. *Citizens First National Bank v. Cinco Exploration Co.*, 540 S.W.2d 292, 294 (Tex.1976); *Denison v.*

*Haeber Roofing Co.*, 767 S.W.2d 862, 864 (Tex.App.—Corpus Christi 1989, no writ). The defendant must show that an essential element of the plaintiff's cause does not exist, or the defendant must establish an affirmative defense as a matter of law. *Rosas v. Buddies Food Store*, 518 S.W.2d 534, 537 (Tex.1975); *Denison*, 767 S.W.2d at 864.

■ However, when necessary to establish a fact issue, the nonmovant must expressly present to the trial court its reasons to avoid the summary judgment, and present summary judgment proof. *Westland Oil Development Corp. v. Gulf Oil Corp.*, 637 S.W.2d 903, 907 (Tex.1982); *Denison*, 767 S.W.2d at 864. In deciding whether a disputed material fact issue precludes summary judgment, every reasonable inference is indulged in favor of the nonmovant. *Goswami*, 751 S.W.2d at 491.

We have examined the motion of International Playtex and have found an affidavit of Dr. Buckwold attached to it. Although the motion refers to a deposition of Dr. Mallett, and recites that it has been filed with the record, we have found no such deposition, nor any clerk's certificate referring to the deposition, in the transcript. We contacted the district court, requesting the deposition in case it was inadvertently omitted from our record, but it was not on file.

■ Appellant's response to the motion states that Playtex "has not offered any of such doctor's testimony in evidence as part of this summary judgment proceeding...." The portion of a deposition upon which a movant for summary judgment relies must be offered as summary judgment evidence. *Deerfield Land Joint Venture v. Southern Union Realty Co.*, 758 S.W.2d 608, 610 (Tex.App.—Dallas 1988, no writ). This is done authenticating extracts of the material from the deposition and attaching them to the summary judgment motions and responses. *Id.*

■ We may consider only the evidence tendered or admitted at the time of the summary judgment hearing. *Deerfield*, 758 S.W.2d at 610; *Nicholson v. Memorial*

*Hospital System,* 722 S.W.2d 746, 749 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.); *see Southwestern Bell Telephone Co. v. Griffith,* 575 S.W.2d 92, 104 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.). This record does not show that the deposition was ever left in the custody of the trial court. Thus, we cannot consider it on appeal. *Deerfield,* 758 S.W.2d at 609.

We examine Dr. Buckwold's affidavit to see if it is sufficient. After a lengthy discussion of the symptoms of toxic shock syndrome, he concluded appellant did not have toxic shock syndrome, based on his expertise and her medical records.

 Appellant contends that even if Playtex showed she did not have toxic shock syndrome, Playtex would have to show that she did not suffer any injuries or damages at all. However, the only injury pleaded is toxic shock syndrome. The pleadings must give fair notice of other claims.

At oral argument, appellant's counsel reminded us that it is improper to grant a summary judgment against a plaintiff based on a pleading which fails to state a cause of action and which could be cured by amendment, without opportunity to amend the pleadings. *See Hill v. Bellville General Hospital,* 735 S.W.2d 675, 677 (Tex.App.—Houston [1st Dist.] 1987, no writ). This Court recently applied this principle in reversing a summary judgment in *Longoria v. McAllen Methodist Hospital,* 771 S.W.2d 663, 665 (Tex.App.—Corpus Christi 1989, no writ) in which the defendant's evidence negated a claim that transfused blood should have been tested for AIDS. There, however, the plaintiff's summary judgment evidence showed another illness from the blood transfusion, and the pleadings also referred to "contaminated blood," giving fair notice that disease other than AIDS was claimed. Even so, in this case appellant did, in fact, plead a cause of action.

The judgment of which appellant complains is a final disposition for the Procter and Gamble companies. They have submitted a brief in which they point out that the only complaints in point one refer to the Playtex summary judgment. We agree that any contest of the Procter and Gamble judgment has been waived. *See Trenholm v. Ratcliff,* 646 S.W.2d 927, 934 (Tex.1983); *Airway Insurance Co. v. Hanks Flite Center, Inc.,* 534 S.W.2d 878, 881–82 (Tex.1976). We overrule point one.

By point two, appellant claims that the trial court abused its discretion in not granting her motion for a new trial. We will not disturb the trial court's decision on whether to grant a new trial absent clear abuse of discretion. *Jackson v. Van Winkle,* 660 S.W.2d 807, 809 (Tex.1983).

Appellant's motion was based on newly discovered evidence. Appellant had obtained an affidavit from a doctor who examined her in April, 1988, and concluded she had suffered toxic shock syndrome. The due diligence requirement for a new trial based on newly-discovered evidence is not satisfied if the discovery could have been made before trial. *Wilkins v. Royal Indemnity Co.,* 592 S.W.2d 64, 69 (Tex.Civ. App.—Tyler 1979, no writ). Appellant has not shown that she could not have been examined or have obtained the affidavit before the summary judgment hearing. We overrule point two.

We affirm the trial court's judgment.