ACCEPTED
03-13-00025-CV
7355184
THIRD COURT OF APPEALS
AUSTIN, TEXAS
10/13/2015 3:09:34 PM
JEFFREY D. KYLE
CLERK

NO. 03-13-00025-CV

IN THE THIRD COURT OF APPEALS
AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
10/13/2015 3:09:34 PM
JEFFREY D. KYLE
Clerk

JERRY SCARBROUGH, ET AL.,
APPELLANTS,

V.

HELEN PURSER, ET AL.,
APPELLEES.

ON APPEAL FROM THE 146TH JUDICIAL DISTRICT COURT
BELL COUNTY, TEXAS

**APPELLEES' RESPONSE TO APPELLANT'S
REQUEST TO TAKE JUDICIAL NOTICE
OF FACTS OUTSIDE THE RECORD**

TO THE HONORABLE COURT OF APPEALS:

Appellees, Helen Purser, Sue E. Purser a/k/a Sue E. Van Zanten, Gary W.
Purser, Jr., Joann M. Purser, and Elizabeth H. Tipton (collectively, Purser), file this
Response to Appellant's Request to Take Judicial Notice of Facts.

Importantly, in his motion, Scarbrough neglects to address that the rules limits
an appellate court's ability to take judicial notice of facts outside the record to those

instances involving the court's jurisdiction or to matters ancillary to decisions mandated by law. When the applicable law is considered, appellant's motion must be denied.

## I. INTRODUCTION

The "facts" Appellant asks this Court to consider for the first time on appeal are not facts at all. Instead, Appellant asks the Court to take judicial notice of a *portion* of a written closing argument that was tendered in the adversarial proceeding in bankruptcy court.

The portion of the argument Appellant asks the Court to take judicial notice of relates to the issue of whether the trial court abused its discretion in determinating that Scarbrough violated a Confidentiality Order that:

1. Provided, among other things, that all medical records of Mr. Purser were to be confidential, CR:6997;

2. Scarbrough signed as attorney for Deaton and Steele, CR:7002;

3. Scarbrough admitted he was bound to obey, 2dSuppRRVol.4:124-25; 2dSuppRRVol.5:29; and

4. Scarbrough conceded he intentionally disregarded on at least two occasions, 2dSuppRRVol.4:8-10; 2dSuppRRVol.5:33.

During two evidentiary hearings related to Scarbrough's violations of the Confidentiality Order, the trial court heard Scarbrough attempt to excuse his violation because, among other reasons, the Texas Rules of Civil Procedure do not apply to him and are unfair. 2dSuppRRVol.4:12; 2dSuppRRVol.5:17, 43, 47, 49, 54, 56.

The Pursers respectfully direct the Court's attention to their brief for a more detailed discussion of the record and the law governing the issue of the trial court's discretion in determining that Scarbrough violated a court order. APPELLEES' BRIEF at pp. 94-101.

In his request for this Court to take judicial notice, Scarbrough concedes he seeks to "establish facts not apparent from the record" in this case. REQUEST ¶ 7. Scarbrough urges this Court to consider facts outside the record for two reasons: (1) to contravene the Pursers' alleged claim they were harmed by Scarbrough's violation of the Confidentiality Order; and (2) to assess the Pursers' credibility. Scarbrough's reasons for considering this non-evidence fail as a matter of law.

### APPLICABLE LAW

This Court has recognized that a court may not take judicial notice of the *truth* of allegations in the court's records. *Tschirhart v. Tschirhart*, 876 S.W.2d 507, 508 (Tex.App.–Austin 1994, no writ) (court's emphasis). Yet, that is precisely what Scarbrough asks this Court to do. Under *Tschirhart*, the Court should reject out of

hand Scarbrough's attempt to consider materials outside the record to assess the Pursers' credibility.

Further, as the Pursers explained in their brief, there is no authority — and Scarbrough cites none — for the proposition that a party moving for sanctions must show harm or injury before the court may impose sanctions. APPELLEES' BRIEF at p. 99. The Court should therefore deny Scarbrough's improper attempt to have the Court consider materials outside the record which are not "facts," and which are not relevant to the issue of whether the trial court abused its discretion in concluding that Scarbrough's conduct was sanctionable.

Scarbrough also ignores the rule that appellate courts generally take judicial notice of facts outside the record **only** to determine jurisdiction or to resolve matters ancillary to decisions which are mandated by law (*e.g.*, calculation of prejudgment interest when the court renders judgment). *SEI Bus. Sys., Inc. v. Bank One Texas, N.A.*, 803 S.W.2d 838, 841 (Tex.App.–Dallas 1991, no writ); *see Freedom Communications, Inc. v. Coronado*, 372 S.W.3d 621, 624 (Tex.2012) (court determined it was appropriate to take judicial notice of facts in a plea agreement because they were relevant to determination whether trial court had jurisdiction); TEX.GOV'T. CODE ANN. § 22.220(c) (Vernon 1988) (Each court of appeals may, on

affidavit or otherwise, as the court may determine, ascertain the matters of fact that are necessary to the proper exercise of its jurisdiction).

As the Texas Supreme Court has explained, an appellate court is reluctant to take judicial notice of matters when a trial court was not requested to do so and was not given an opportunity to take such matters into consideration. *Sparkman v. Maxwell*, 519 S.W.2d 852, 855 (Tex. 1975). The Court of Appeals is not a trier of fact. *SEI Bus. Sys.*, 803 S.W.2d at 841.

"For [an appellate court] to consider evidence for the first time, never presented to the trial court, would effectively convert [the appellate] Court into a court of original, not appellate jurisdiction." *Deerfield Land Joint Venture v. Southern Union Realty Co.*, 758 S.W.2d 608, 610 (Tex.App.–Dallas 1988, writ denied). Moreover, appellate courts are reluctant to take judicial notice of matters that go to the merits of a dispute. *Taylor v. Margo*, No. 08-14-00066-CV, 2015 WL 5449806, at *7, ___ S.W.3d ___, ___ (Tex. App. –El Paso Sept. 16, 2015, no pet. h.).

None of the cases Scarbrough cites as examples of judicial notice of verifiable facts apply in this case. The Court should reject Scarbrough's improper attempt to expand the limited instances in which judicial notice may be taken and should deny Scarbrough's motion. However, if the Court determines it should take judicial notice of the matters Scarbrough plucked from the record in the bankruptcy proceeding, then

the Pursers respectfully request that the Court consider the entire written closing argument — not just the portion selected by Appellant — as that compelled the bankruptcy court to find, among other things, that:

1.    Scarbrough committed a willful and malicious act when he disseminated the false and outrageous allegations that the Purser Family abused and murdered their father;

2.    Scarbrough acted in other ways that reinforce the conclusion that he intended to harm the Purser Family;

3.    Scarbrough used harassing and contumacious methods in an attempt to recover damages or coerce a nuisance settlement of claims made in bad faith; and

4.    Throughout the Bell County litigation, Scarbrough filed frivolous motions and pleadings, and attempted to use extra-judicial tactics to gain advantage.

*In re Scarbrough*, 516 B.R. 897, 910, 911, 913, 918  (Bankr. W.D. Tex. 2014).

**PRAYER**

For the reasons stated, appellees requests that this Court deny Appellant's Request to Take Judicial Notice of Facts.  Alternatively, if the Court grants the

request, then appellees request that the Court take judicial notice of the entire written

Closing Argument of the Purser Family, not just the portion attached by Appellant.

Respectfully submitted,

DARYL L. MOORE, P.C.

BY:   /s/ Daryl L. Moore
        Daryl L. Moore (Lead Counsel)
        State Bar No. 14324720
        1005 Heights Boulevard
        Houston, Texas 77008
        Telephone: 713/529-0048
        Facsimile: 713/529-2498
        Email: daryl@heightslaw.com

*Counsel for appellees*

### CERTIFICATE OF COMPLIANCE

Relying on the word count function in the word processing software used to produce this document, I certify that the number of words in this motion, excluding the contents listed in TRAP Rule 9.4(i), is **1,091**.

This motion complies with the typeface requirements of TRAP Rule 9.4(e) because it uses a conventional typeface no smaller than 14-point (WordPerfect X6 14-point Times New Roman).

/s/ Daryl L. Moore
Daryl L. Moore

## CERTIFICATE OF SERVICE

On October 13, 2015, I sent a true and correct copy of this response via **E-service** to the following:

Michele Barber Chimene
THE CHIMENE LAW FIRM
15203 Newfield Bridge Ln.
Sugar Land, Texas 77498
*michelec@airmail.net*

Jerry W. Scarbrough
JERRY SCARBROUGH, P.C.
P. O. Box 690866
Killeen, Texas 76549

***Attorneys for appellants,***
***Jerry Scarbrough, Melissa Deaton,***
***and Denise Steele***

/s/ Daryl L. Moore
Daryl L. Moore