**AFFIRMED; Opinion Filed April 7, 2020**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

**No. 05-19-00298-CV**

_____

**ANTONIO CABALLERO, Appellant**

**V.**

**RUSHMORE LOAN MANAGEMENT SERVICES LLC AND
WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA
TRUST, AS TRUSTEE FOR NORMANDY MORTGAGE LOAN TRUST
SERIES 2015-1, Appellees**

**On Appeal from the 14th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-17-07665**

## MEMORANDUM OPINION

Before Justices Myers, Whitehill, and Pedersen, III
Opinion by Justice Myers

Antonio Caballero appeals the trial court's judgment granting the motion for

summary judgment of Rushmore Loan Management Services LLC and Wilmington

Savings Fund, FSB, d/b/a Christiana Trust, as trustee for Normandy Mortgage Loan

Trust Series 2015-1 on Caballero's claims for wrongful foreclosure, breach of the

deed of trust, and violation of the Texas Debt Collection Practices Act.[1] Caballero brings two issues on appeal contending the trial court erred by granting appellees' motion for summary judgment because (1) appellees lacked standing; and (2) there are outstanding fact issues on at least one element of each of Caballero's causes of action. We affirm the trial court's judgment.

## BACKGROUND

In 2006, Caballero borrowed $514,450 from World Savings Bank to purchase a home. Caballero signed a thirty-year note and a deed of trust. The note provided for interest at a variable rate of 6.76 to 11.95 percent, but no more than the maximum amount allowed by law. The mortgage servicer was Carrington Mortgage Services.

In 2007, World Savings Bank changed its name to Wachovia Mortgage, FSB.

In 2009, Caballero fell behind on his payments. Caballero and Wachovia Mortgage modified the loan agreement, reducing the balance to $430,942.15 and reducing the interest rate to 6.5 percent. The modification extended the maturity from 2036 to 2049. Caballero alleged that when he executed the modification, he gave Wachovia Mortgage a check for $100,000 for principal only. After the modification, the mortgage servicer became appellee Rushmore Loan Management Services. Later in 2009, Wachovia Mortgage changed its name to Wells Fargo Bank

---

[1] Caballero also brought claims for usury and to quiet title, but he does not assert on appeal that the trial court erred by granting appellees' motion for summary judgment as to those claims. Caballero has waived any error from the trial court's granting appellees' motion for summary judgment on these claims, and we do not address them. *See Ontiveros v. Flores*, 218 S.W.3d 70, 71 (Tex. 2007) (per curiam).

Southwest, N.A. and then merged into and operated as part of "Wells Fargo Bank, National Association, Sioux Falls, South Dakota."

In 2012, "Wells Fargo, N.A." assigned the deed of trust to U.S. Bank, N.A.

In 2014, Caballero again fell behind on the payments. In 2015, he and Rushmore modified the loan agreement. By this time, the balance was $648,834.15. The modification reduced the interest rate to 4.375 percent and required Caballero to make monthly payments of $3,032.93. Caballero made six payments of $4,300 after the 2015 modification.

In 2016, U.S. Bank assigned the note and deed of trust to appellee Wilmington Savings Fund as trustee for Normandy Mortgage Loan Trust.

In 2016, Caballero became concerned that his $100,000 payment in 2009 had not been properly applied to the loan. He asked Rushmore for the loan's payment history. Rushmore responded that it had not received a detailed payment history from Carrington when Rushmore became the loan servicer. Caballero submitted another request for the payment history, and Rushmore responded that it would provide the history by June 30, 2017, which was less than a week before the threatened foreclosure.[2]

In 2017, Caballero filed this suit to stop foreclosure. Caballero alleged causes of action for wrongful foreclosure, breach of the deed of trust, violations of the Texas

---

[2] The record does not show whether Rushmore provided the payment history or whether Carrington applied the $100,000 payment to principal.

Debt Collection Practices Act, usury, and suit to quiet title. Caballero sought damages and injunctive relief. The trial court entered a temporary restraining order barring the foreclosure.

Appellees moved for summary judgment, asserting Caballero had no evidence to support one or more elements of his causes of action. The trial court granted appellees' motion for summary judgment.

## STANDING

In his first issue, Caballero contends the trial court erred by granting appellees' motion for summary judgment because appellees' lacked standing. Caballero asserts that Normandy assigned its interest in the deed of trust to Aero Mortgage Loan Trust 2017-1 a week before appellees moved for summary judgment. Caballero argues that because Normandy did not have any interest in the deed of trust when appellees moved for summary judgment, the case was moot.

"A case is moot when either no 'live' controversy exists between the parties, or the parties have no legally cognizable interest in the outcome. 'Put simply, a case is moot when the court's action on the merits cannot affect the parties' rights or interests.'" *Hays St. Bridge Restoration Group v. City of San Antonio*, 570 S.W.3d 697, 702–03 (Tex. 2019) (quoting *City of Krum v. Rice*, 543 S.W.3d 747, 749 (Tex. 2017) (per curiam)). "If a case becomes moot, the court must vacate all previously issued orders and judgments and dismiss the case for want of jurisdiction." *Glassdoor, Inc. v. Andra Group, LP*, 575 S.W.3d 523, 527 (Tex. 2019). Caballero

–4–

has not moved for dismissal of the case. Instead, he prays for reversal of the summary judgment and remand of his claims for trial.

This case is not moot. Caballero's cause of action for wrongful foreclosure alleges that appellees do not have an interest in the note or deed of trust because (1) World Savings Bank did not transfer the loan to Wells Fargo, (2) any transfer by World Savings Bank was not for full value, and (3) the subsequent transfers of the note and deed of trust did not grant appellees the right to foreclose the loan. The cause of action for breach of the deed of trust alleges that Rushmore could not enter into the 2015 modification as the lender. Caballero's request for injunctive relief was based on the pending foreclosure of the property. Caballero does not explain why these claims are no longer "live" following Normandy's assignment of the deed of trust to Aero.

Moreover, it is the plaintiff that must establish standing to bring a lawsuit. *Pratho v. Zapata*, 157 S.W.3d 832, 845 (Tex. App.—Fort Worth 2005, no pet.). Appellees are the defendants. Caballero cites no authority that a defendant who does not seek any relief other than an end to the lawsuit and recovery of its costs has any burden to establish standing. We overrule Caballero's first issue.

## SUMMARY JUDGMENT

In his second issue, Caballero contends the trial court erred by granting appellees' motion for summary judgment.

## Standard of Review

Rule 166a(i) provides that a party "may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial." We review a no-evidence summary judgment under the same legal sufficiency standard used to review a directed verdict. *See* TEX. R. CIV. P. 166a(i); *Flood v. Katz*, 294 S.W.3d 756, 762 (Tex. App.—Dallas 2009, pet. denied). Thus, we must determine whether the nonmovant produced more than a scintilla of probative evidence to raise a fact issue on the material questions presented. *See Flood*, 294 S.W.3d at 762. When analyzing a no-evidence summary judgment, "we examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion." *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006) (quoting *City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005)). A no-evidence summary judgment is improperly granted if the nonmovant presented more than a scintilla of probative evidence to raise a genuine issue of material fact. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). "More than a scintilla of evidence exists when the evidence rises to a level that would enable reasonable, fair-minded persons to differ in their conclusions." *Id.* (quoting *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)). "Less than a scintilla of evidence exists when the evidence is 'so weak as to do no more

than create a mere surmise or suspicion' of a fact." *Id.* (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)).

In deciding whether a disputed material fact issue exists precluding summary judgment, evidence favorable to the nonmovant will be taken as true. *In re Estate of Berry*, 280 S.W.3d 478, 480 (Tex. App.—Dallas 2009, no pet.). Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005). We review a summary judgment de novo to determine whether a party's right to prevail is established as a matter of law. *Dickey v. Club Corp. of Am.*, 12 S.W.3d 172, 175 (Tex. App.—Dallas 2000, pet. denied).

## Wrongful Foreclosure

The elements of wrongful foreclosure are: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price. *Villanova v. Fed. Deposit Ins. Corp.*, 511 S.W.3d 88, 101 (Tex. App.—El Paso 2014, no pet.). Appellees moved for summary judgment on the ground that Caballero had no evidence of any of these elements because there has not been a foreclosure. We agree with appellees. "Texas law is clear that there is no cause of action in Texas for attempted wrongful foreclosure." *Ebrahimi v. Caliber Home Loans, Inc.*, 05-18-00456-CV, 2019 WL 1615356, at *4 (Tex. App.—Dallas Apr. 15, 2019, pet. denied); *see EverBank, N.A. v. Seedergy Ventures, Inc.*, 499 S.W.3d 534, 544 (Tex.

App.—Houston [14th Dist.] 2016, no pet.). A claim for wrongful foreclosure before a foreclosure sale occurs fails as a matter of law. *Ebrahimi*, 2019 WL 1615356, at *4.

Caballero argues that Texas does recognize a cause of action for attempted wrongful foreclosure, citing *McCaig v. Wells Fargo Bank (Texas), N.A.*, 788 F.3d 463, 471 (5th Cir. 2015). In that case, Wells Fargo repeatedly, and wrongly, threatened to foreclose on the McCaigs' house for violating a forbearance agreement. The McCaigs sued Wells Fargo for breach of the forbearance agreement and violations of the Texas Debt Collection Act.[3] *Id.* at 471. The McCaigs prevailed in the trial court, and a majority of the Fifth Circuit mostly affirmed. *Id.* at 471–72, 486. The dissenting judge characterized the majority's decision as creating a cause of action for attempted wrongful disclosure. *Id.* at 486 (Jones, J., dissenting) ("Another way to look at this result is that in Texas, there has been no cause of action for 'attempted wrongful foreclosure.' Until today." (citations omitted)). Wells Fargo also characterized its conduct as "attempted wrongful foreclosure." *Id.* at 478 n.6. The McCaigs did not bring a claim for attempted wrongful foreclosure, and neither the Fifth Circuit nor any court in Texas has created one. As this Court recently observed, "there is no cause of action in Texas for attempted wrongful

---

[3] The "Texas Debt Collection Act" and the "Texas Debt Collection Practices Act" are different names for the same legislation: Chapter 392 of the Texas Finance Code.

foreclosure." *Ebrahimi*, 2019 WL 1615356, at \*4. Because there was no foreclosure sale, Caballero's claim for wrongful foreclosure fails as a matter of law. *Id.*

We conclude the trial court did not err by granting appellees' motion for summary judgment on Caballero's claim for wrongful foreclosure.

**Breach of Deed of Trust**

Caballero pleaded that the 2015 modification constituted a breach of the deed of trust because the evidence did not show Rushmore had authority to agree to a modification of the note or deed of trust. Caballero alleged Rushmore lacked authority because it was the mortgage servicer and not the lender and because Caballero alleges these facts breached paragraph 23 of the deed of trust, which provided that the deed of trust "may be modified or amended only by an agreement in writing signed by Borrower and Lender."

Caballero's claim for breach of the deed of trust is one for breach of contract. The elements for breach of contract are (1) the existence of a valid contract, (2) the plaintiff's performance or tendered performance, (3) the defendant's breach of the contract, and (4) damages as a result of the breach. *Paragon Gen. Contractors, Inc. v. Larco Constr., Inc.*, 227 S.W.3d 876, 882 (Tex. App.—Dallas 2007, no pet.). Appellees moved for summary judgment on the ground that Caballero had no evidence he performed or tendered performance, that appellees breached the deed of trust, or that Caballero suffered damages as a result of the breach.

The deed of trust defined "Lender" as meaning "World Savings Bank, FSB, its successors and/or assignees." (Capitalization omitted.) Therefore, Caballero had the burden of presenting some evidence that Rushmore was not a successor or assignee of World Savings Bank. The only evidence Caballero presented was his declaration. In it, he does not provide evidence that Rushmore was not the successor or assignee of World Savings Bank. The record shows that Rushmore became the loan servicer after Carrington, but nothing shows it did not have authority to enter into the 2015 modification. Accordingly, Caballero has not presented any evidence that appellees breached the deed of trust.

Caballero also failed to present any evidence of how the modification of the loan agreement damaged him. The 2015 modification reduced the interest rate from 6.5 percent to 4.375 percent on a balance of $648,834.15.

Caballero argued in his response to the motion for summary judgment and he argues on appeal that appellees breached the deed of trust by violating sections 51.002 and 51.0025 of the Property Code by wrongfully accelerating the note, issuing notices of trustee's sale, and failing to give Caballero statutorily required notices. Caballero did not plead any of these violations. *See* TEX. PROP. CODE ANN. §§ 51.002, .0025. A party is not required to move for summary judgment on claims that were not pleaded. *Clark v. Dillard's, Inc.*, 460 S.W.3d 714, 729 (Tex. App.— Dallas 2015, no pet.). Therefore, appellees did not have to move for summary judgment on these asserted violations of the Property Code.

We conclude the trial court did not err by granting appellees' motion for summary judgment on Caballero's claim for breach of the deed of trust.

**Texas Debt Collection Practices Act**

Caballero alleged appellees violated the Texas Debt Collection Practices Act. *See* TEX. FIN. CODE ANN. §§ 392.001–.404. Specifically, Caballero alleges appellees violated sections 392.301(a)(8), 392.303(a)(2), and 392.304(a)(8) and (19). Caballero alleged that "[t]he acts, omissions, and conduct of Defendant [sic], as alleged above" violated these provisions. Those alleged acts, omissions, and conduct consist of World Bank's alleged failure to transfer the loan to Wells Fargo, the allegedly invalid subsequent assignments of the note and deed of trust, the modification agreements, the charging of usurious interest, and the pending foreclosure.

Section 392.301(a)(8) provides that "a debt collector may not use threats, coercion, or attempts to coerce that employ any of the following practices: . . . (8) threatening to take an action prohibited by law." Appellees moved for summary judgment on the ground that Caballero had no evidence to support any of these elements, including that they threatened to take an action prohibited by law. Neither Caballero's declaration nor the other summary judgment evidence shows that appellees threatened to take an action prohibited by law. To the extent Caballero may argue that the threatened foreclosure was a threat to take an action prohibited

by law, none of the documents related to the allegedly pending foreclosure are in the record, so the record contains no evidence of threats prohibited by law.

Section 392.303(a)(2) provides, "a debt collector may not use unfair or unconscionable means that employ the following practices:  . . . (2) collecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer." Appellees moved for summary judgment on the ground that Caballero had no evidence of these elements.  Neither Caballero's declaration nor any of the other summary judgment evidence shows that appellees violated this provision.

Section 392.304(a)(8) prohibits a debt collector from using "a fraudulent, deceptive, or misleading representation that employs the following practices:  . . . (8) misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding."  Appellees moved for summary judgment on the ground that Caballero had no evidence of any of these elements.  Neither Caballero's declaration nor any of the other summary judgment evidence shows that appellees violated this provision.  No evidence shows that any representation of Caballero's debt was false.

Section 392.304(a)(19) prohibits a debt collector from using "a fraudulent, deceptive, or misleading representation that employs the following practices:  . . . (19) using any other false representation or deceptive means to collect a debt or

–12–

obtain information concerning a consumer." Appellees moved for summary judgment on the ground that Caballero had no evidence of any of these elements. Neither Caballero's declaration nor any of the other summary judgment evidence shows that appellees violated this provision. No evidence shows appellees made a false representation or used a deceptive means to collect on the loan or obtain information.

Caballero argues that appellees violated these provisions because appellees lacked authority to take any of the actions they took in this case. However, he presented no evidence that appellees lacked authority. Caballero also complains that the notice of acceleration and sale, the notices of default and opportunity to cure, and the notices of trustee's sale were given improperly, did not comply with statutory requirements, and constituted inherently false and deceptive means of collecting the loan. Those documents are not in the record, and the record contains no evidence of any of those documents, whether they failed to meet the requirements for those documents, or whether they were false or deceptive.

Caballero also argues that appellees violated these provisions by attempting to accelerate the note and foreclose the lien when they had not properly posted Caballero's payments on the loan. Caballero stated in his declaration that he was "concerned" that his $100,000 payment had not been properly applied to the loan, but he did not testify or present evidence that it, in fact, was not properly applied to

the loan. No evidence shows that appellees had not properly posted Caballero's payments on the loan.

He also complains that appellees violated these provisions by not properly responding to him in the servicing of the loan. He testified that Rushmore failed to provide him a payment history of the loan from the period when Carrington was servicing the loan. He testified that Rushmore said Carrington had not provided it with a detailed payment history. No evidence shows that Rushmore's statements were not true. These facts, standing alone, are not evidence of threatening, coercive, unfair, unconscionable, fraudulent, deceptive, or misleading conduct by appellees. Therefore, they are not evidence appellees violated these provisions of the Texas Debt Collection Practices Act.

Caballero argued in his response to the motion for summary judgment and he argues on appeal that U.S. Bank and Wilmington violated section 392.101(a) of the Finance Code by being third-party debt collectors without being bonded. *See* FIN. § 392.101(a). Even if U.S. Bank and Wilmington were required to be bonded, Caballero presented no evidence that they were not bonded. Moreover, Caballero did not allege this claim in his petition, and appellees were not required to move for summary judgment on a claim that he did not plead. *Clark*, 460 S.W.3d at 729.

We conclude the trial court did not err by granting appellees' motion for summary judgment on Caballero's claim for violations of the Texas Debt Collection Practices Act.

–14–

## Estates Code

Caballero also argued in his response to the motion for summary judgment and on appeal that provisions of the Estates Code barred the summary judgment in this case. Caballero asserts that U.S. Bank and Wilmington are foreign business entities and that the Estates Code requires foreign entities acting in a fiduciary capacity in this state to register with the Texas Secretary of State. *See* TEX. ESTATES CODE § 505.004. Even if U.S. Bank and Wilmington were required to register with the Secretary of State, no evidence shows they have not done so.

Caballero asks this Court "to take judicial notice of the absence of the referenced proper registration of [U.S. Bank] and Wilmington with the Texas Secretary of State." Caballero made the same request of the trial court, but he did not provide the trial court with any information showing U.S. Bank and Wilmington had not registered. *See* TEX. R. EVID. 201(c)(2) (trial court "must take judicial notice if a party requests it and the court is supplied with the necessary information").

We decline to take judicial notice of the absence of filings in the Secretary of State's office.[4] "The Court of Appeals is not a trier of fact. 'For us to consider evidence for the first time, never presented to the trial court, would effectively

---

[4] Appellate courts may take judicial notice of documents outside the appellate record to determine their jurisdiction or to resolve matters ancillary to decisions that are mandated by law, such as calculation of prejudgment interest when the appellate court renders judgment. *See Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 623–24 (Tex. 2012); *SEI Bus. Sys., Inc. v. Bank One Tex., N.A.*, 803 S.W.2d 838, 841 (Tex. App.—Dallas 1991, no pet.). Whether Wilmington or U.S. Bank registered with the Secretary of State is not one of those situations.

convert this Court into a court of original, not appellate jurisdiction.'" *SEI Bus. Sys., Inc. v. Bank One Tex.*, *N.A.*, 803 S.W.2d 838, 841 (Tex. App.—Dallas 1991, no pet.) (quoting *Deerfield Land Joint Venture v. S. Union Realty Co.*, 758 S.W.2d 608, 610 (Tex. App.—Dallas 1988, no writ)).

### Address All Claims

Caballero also argues the trial court erred by granting appellees' motion for summary judgment because it "did not address Caballero's factual statements and argument in Caballero's Original Petition paragraphs 4 or 8 through 18." Paragraph 4 alleges that Wilmington "is a foreign fiduciary that does not maintain a registered agent, as required under the Texas Estates Code." Paragraphs 8 through 14 allege the reasons why Caballero believes World Savings Bank never transferred the loan, which he asserts involved a 1031-exchange with a mortgage collateralization scheme. Paragraphs 15, 16, and 17 describe the modifications of the loan agreement. Paragraph 18 describes Caballero's concern about whether his $100,000 payment was properly applied to the loan and his attempts in 2016 to obtain the payment history. Caballero asserts that he did not have the burden of proof on these matters.

Under rule 166a(i), appellees' only burden was to specify the elements of Caballero's causes of action on which Caballero had the burden of proof that lacked evidentiary support. *See* TEX. R. CIV. P. 166a(i). Appellees did this for each of Caballero's causes of action. Caballero then had the burden to produce some evidence supporting those elements. *Id.* Caballero asserts in his brief that he did

–16–

not have the burden of proof under Rule 166a, but he does not explain why he did not have the burden of producing some evidence as required by Rule 166a(i). Caballero has not shown that appellees had to address the facts alleged in paragraphs 4 or 8 through 18 of his petition to be entitled to summary judgment.

**Lack of Authentication of Appellees' Exhibits**

Caballero also argues the trial court erred by granting appellees' motion for summary judgment because appellees' exhibits containing the note and the 2009 modification were not authenticated. Although Caballero objected in the trial court that these exhibits lacked authentication, the trial court made no ruling on his objections. A complete absence of authenticating evidence is a defect in substance that may be raised for the first time on appeal. *Blanche v. First Nationwide Mortg. Corp.*, 74 S.W.3d 444, 451 (Tex. App.—Dallas 2002, no pet.). However, a complaint that evidence was not properly authenticated is a defect of form that must be objected to and ruled on in the trial court. *Seim v. Allstate Tex. Lloyds*, 551 S.W.3d 161, 164 (Tex. 2018).

Even if any error were preserved and existed, we could not reverse unless the error probably caused the rendition of an improper judgment. TEX. R. APP. P. 44.1(a)(1). If the record were reviewed without considering these exhibits, there would still be no evidence in support of Caballero's claims. *See Seim*, 551 S.W.3d at 166. Therefore, the trial court's consideration of appellees' exhibits did not

probably cause the rendition of an improper judgment, and any error is not reversible.

## Caballero's Marital Status

Caballero argued in his response to the motion for summary judgment and he argues on appeal that the trial court erred by granting appellees' motion for summary judgment because he was married and his spouse was not a party to the modifications. Caballero asserts that without the joinder of his spouse, the modifications violated article 16, section 50(c) of the Texas Constitution "and [were] thus constitutionally deficient to perfect a lien on the Property." *See* TEX. CONST. art. XVI, § 50(c).

Caballero did not allege the violation of article 16, section 50(c) in his petition, nor did he allege that he was married. Appellees were not required to move for summary judgment on claims that Caballero did not plead. *Clark*, 460 S.W.3d at 729.

We conclude the trial court did not err by granting appellees' motion for summary judgment. We overrule Caballero's second issue.

## CONCLUSION

We affirm the trial court's judgment.

/Lana Myers/
LANA MYERS
JUSTICE

190298F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ANTONIO CABALLERO,
Appellant

No. 05-19-00298-CV     V.

RUSHMORE LOAN
MANAGEMENT SERVICES LLC
AND WILMINGTON SAVINGS
FUND, FSB, D/B/A CHRISTIANA
TRUST, AS TRUSTEE FOR
NORMANDY MORTGAGE LOAN
TRUST SERIES 2015-1, Appellees

On Appeal from the 14th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-17-07665.
Opinion delivered by Justice Myers.
Justices Whitehill and Pedersen, III
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees Rushmore Loan Management Services LLC and Wilmington Savings Fund, FSB, d/b/a Christiana Trust, as trustee for Normandy Mortgage Loan Trust Series 2015-1 recover their costs of this appeal from appellant Antonio Caballero.

Judgment entered this 7th day of April, 2020.