**SEI BUSINESS SYSTEMS, INC., Financial Information Systems, Inc., and Joel S. Wagenheim, Appellants,**

**v.**

**BANK ONE TEXAS, N.A., f/k/a Deposit Insurance Bridge Bank, Appellee.**

No. 05–90–00327–CV.

Court of Appeals of Texas, Dallas.

Jan. 25, 1991.

Forrest R. Carlton, Dallas, for appellants.

John R. Riggs, Dallas, for appellee.

Before ENOCH, C.J., and THOMAS and OVARD, JJ.

## OPINION

OVARD, Justice.

This is a summary judgment case. The determining issue is whether an appellate court can take judicial notice of the contents of the Texas Secretary of State's corporation files when no evidence of those files was presented to the trial court. Appellant argues that we cannot. We agree, and we reverse the summary judgment and remand the case to the trial court.

Joel Wagenheim (Wagenheim) was CEO of Shanbrooke Enterprises, Inc. (Shanbrooke). On March 19, 1980, and August 19, 1983, Wagenheim personally guaranteed Shanbrooke's indebtedness to Bank One Texas (Bank One). Shanbrooke changed its name to SEI Business Systems, Inc. (SEI) on September 19, 1983. An amendment to the articles of incorporation reflecting the change is on file in the Secretary of State's office in Austin.

SEI executed a commercial installment note for $52,500 to Bank One on January 13, 1986. A lien on electronic circuit boards and office equipment secured the loan. Bank One also had Wagenheim's personal guaranty, though the guaranty named Shanbrooke rather than SEI as the principal. SEI defaulted on the note in October 1986. Sometime later Bank One foreclosed its lien on part of the collateral. Bank One sold some of the collateral at a public sale on November 15, 1988. Bank One applied the net proceeds of the sale, $6,578.90, to the indebtedness and then sued Wagenheim on the guaranties for the balance. During the summary judgment proceedings, Bank One introduced no evidence that Shanbrooke had changed its name to SEI Business Systems, Inc. The

trial court granted Bank One's motion for summary judgment. Wagenheim raises three points of error on appeal. He urges that the trial court erred in awarding summary judgment because genuine issues of material fact exist as to whether: (1) Bank One breached a duty of good faith to sell the collateral before its value declined; (2) Bank One breached a duty of good faith by not selling all the collateral; and (3) Shanbrooke Enterprises, Inc., the named principal in the guaranties, is the same corporation as SEI Business Systems, Inc.

We find no merit in Wagenheim's first two points of error. As to the third point of error, we agree that Bank One failed to prove in the summary judgment hearing that Shanbrooke Enterprises, Inc. and SEI Business Systems, Inc. are the same company. On appeal, Bank One has supplied us with a certified copy from the Texas Secretary of State's office of the amendment to Shanbrooke's articles of incorporation which changed the company's name to SEI. We lack the authority to receive the evidence which Bank One has given us.

## Legal Analysis

Wagenheim's first two points of error concern the duties owed by a secured creditor to a defaulting borrower or his guarantor. In his first point, Wagenheim urges that the secured creditor owes a contractual duty of good faith to sell the collateral at a time when it will bring the highest price. Wagenheim complains that Bank One waited two years after SEI's default before selling the collateral. He argues that the value of the collateral declined during that period and that had Bank One sold the collateral earlier, he would be liable for less money. Wagenheim contends that a fact issue exists as to whether Bank One breached a duty of good faith by not selling the collateral earlier. He asserts that a reasonable lender would have sold them earlier. Wagenheim does not complain about the conduct of the sale, only its timing. If a genuine issue of material fact exists, Bank One is not entitled to summary judgment. *City of Houston v. Clear*

*Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979).

■ Prior to June 16, 1990, Wagenheim may have had an argument. However, the Texas Supreme Court recently settled this area of the law and settled it adversely to Wagenheim. A secured creditor owes no duty of good faith to a guarantor. *Federal Deposit Ins. Corp. v. Coleman*, 795 S.W.2d 706, 708 (Tex.1990).[1] The secured creditor has no obligation implied in law to foreclose its lien and no obligation to sell the collateral at the time most favorable to the guarantor. *Coleman*, 795 S.W.2d 708–10. The Supreme Court explained its rationale:

> [I]f a creditor had a duty to the guarantors, and presumably the same duty to the debtor itself, to liquidate collateral only in such a way as to minimize a deficiency on the debt, the proper discharge of that duty would almost always raise material issues of fact.... Deficiency suits could rarely be resolved by summary judgment, and would necessitate a full trial on the merits. Commercial transactions require more predictability and certainty than this rule would afford.

*Coleman*, 795 S.W.2d at 710. So long as the secured creditor conducts the sale in a proper manner, a guarantor has no complaint about the timing of the sale unless the express terms of the contract create additional obligations. We overrule Wagenheim's first point of error.

■ The second point complains that Bank One did not sell all the collateral before suing Wagenheim on the guaranties for the deficiency. We believe Bank One had no obligation to sell all the collateral before suing Wagenheim. The guaranty agreement specifically relieved Bank One from any such duty:

> In the event of default by Borrower in payment or performance of all or part of the Guaranteed indebtedness ... Bank shall not be required first to endeavor to collect from Borrower any Guaranteed indebtedness or to foreclose, proceed

against, or exhaust any collateral or security for any Guaranteed indebtedness, before requiring Guarantors, or any of them, to pay the full amount of the liability created.

If Texas law implies a duty to dispose of all collateral before suing on a guaranty, Wagenheim expressly waived his right to insist on it. *Coleman*, 795 S.W.2d at 710. We overrule Wagenheim's second point of error.

■ Wagenheim's third point argues that summary judgment was improper because Bank One failed to prove that Shanbrooke and SEI are the same corporation. Wagenheim guaranteed Shanbrooke's debts, not SEI's debts. A guarantor may insist that his promise be strictly construed and not extended beyond its express terms. *Federal Deposit Ins. Corp. v. Attayi*, 745 S.W.2d 939, 943 (Tex.App.—Houston [1st Dist.] 1988, no writ). Nonetheless, if Shanbrooke and SEI are the same company, Wagenheim will not escape liability merely because the corporation changed its name. Bank One must establish that the corporations are the same entity. The record reflects that Bank One failed to prove on summary judgment that SEI and Shanbrooke are the same company.

■ On appeal, Bank One offers us certified copies of the amendment to Shanbrooke's articles of incorporation that change the name of the corporation to SEI Business Systems, Inc. The certified copy comes from the corporation files of the Texas Secretary of State's office. The Secretary of State's office is the agency charged by law to maintain files on companies incorporated in Texas. *See* TEX.BUS. CORP.ACT ANN. art. 4.05 (Vernon Supp. 1991). Bank One argues that we may take judicial notice on appeal that Shanbrooke and SEI are the same corporation.

■ For the reasons that follow, we believe judicial notice is not proper in this case. We recognize that courts may take judicial notice at any time, even on appeal.

---

**1.** We note that Wagenheim's counsel filed his brief on May 18, 1990. The Texas Supreme Court decided *Coleman* on June 16, 1990.

However, appellate courts are reluctant to take judicial notice of matters which go to the merits of a dispute. *Duderstadt Surveyors Supply, Inc. v. Alamo Express, Inc.,* 686 S.W.2d 351, 354 (Tex.App.—San Antonio 1985, writ ref'd n.r.e.). The Court of Appeals is not a trier of fact. "For us to consider evidence for the first time, never presented to the trial court, would effectively convert this Court into a court of original, not appellate jurisdiction." *Deerfield Land Joint Venture v. Southern Union Realty Co.,* 758 S.W.2d 608, 610 (Tex. App.—Dallas 1988, no writ). As a general rule, appellate courts take judicial notice of facts outside the record only to determine jurisdiction over an appeal or to resolve matters ancillary to decisions which are mandated by law (*e.g.,* calculation of prejudgment interest when the court renders judgment). TEX.GOV'T. CODE ANN. § 22.220(c) (Vernon 1988); *G. & H. Equipment Co. v. Alexander,* 533 S.W.2d 872, 878 (Tex.Civ.App.—Fort Worth 1976, no writ).

Bank One had the burden of proving that SEI and Shanbrooke are the same entity. Bank One could prove that identity only by presenting evidence to a trier of fact. Shanbrooke's change of name does not affect our jurisdiction over this appeal. Nor is determination of the name change a matter ancillary to a decision mandated by law. We decline Bank One's invitation to take judicial notice of an adjudicative fact. The trial court is the proper forum to hear Bank One's evidence.

We sustain Wagenheim's third point of error. Summary judgment is reversed and the case is remanded to the trial court for determination of whether the Shanbrooke listed as principal in the Wagenheim guaranties is the same corporation as the SEI that defaulted on the note to Bank One.