NO. 07-09-0249-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

NOVEMBER 19, 2009

______________________________


WILLIAM COALE AND JULIE COALE, APPELLANTS

V.

RONALD SCOTT, HAZEL SCOTT, JACQUELINE SCOTT, JUDY SAUR, 
SHEA SAUR, AND HEATHER SAUR, APPELLEES


_________________________________

FROM THE 274TH DISTRICT COURT OF COMAL COUNTY;

NO. C2004-0600C; HONORABLE CHARLES RAMSAY, JUDGE

_______________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

ORDER DENYING MOTION

          Appellees have filed a motion with this Court requesting that we take judicial notice
of the memorandum opinion rendered in cause number 13-06-00235-CV, and “any other
matter in the files maintained by the Corpus Christi Court of Appeals and or the Supreme
Court of Texas” relating to that cause. According to that motion, the Corpus Christi Court
of Appeals affirmed a judgment, signed February 2, 2006, from the 274th District Court of
Comal County, Texas, in trial court cause number C2004-0600C. The matter pending
before this Court is an appeal from a post-appeal enforcement order entered by the 274th
District Court of Comal County, Texas, in trial court cause number C2004-0600C, signed
May 15, 2009, which “approves that one certain Rule 11 Agreement,” and denies all other
relief. The Clerk’s Record presently before this Court does not contain a copy of the
judgment signed February 2, 2006,


 the Memorandum Opinion in cause number 13-06-00235-CV, or the Mandate from the Corpus Christi Court of Appeals. 
          Documents that are not a part of the clerk’s record or reporter’s record are not part
of the appellate record and may not be considered by the reviewing court. Cantu v.
Horany, 195 S.W.3d 867, 870 (Tex.App.–Dallas 2006, no pet.). As a general rule,
appellate courts take judicial notice “only to determine jurisdiction over an appeal or to
resolve matters ancillary to decisions which are mandated by law (e.g., calculation of
prejudgment interest when the court renders judgment).” City of Glenn Heights v. Sheffield
Dev. Co., 55 S.W.3d 158, 162-63 (Tex.App.–Dallas 2001, pet. denied) (quoting SEI Bus.
Sys., Inc. v. Bank One Tex., N.A., 803 S.W.2d 838, 841 (Tex.App.–Dallas 1991, no writ). 
Even though there are limited circumstances where an appellate court might take judicial
notice of undisputed facts, to do so in this case runs the risk of effectively rendering this
Court into one of original, not appellate jurisdiction. 
          Appellees’ motion to take judicial notice is denied.
                                                                                      Per Curiam



of, in writing, of such deployments must be
provided to Hollye Gray-Hess before Daniel or Katrina Klaehn are allowed
to exercise William Hess’ rights of possession.
The trial court did not enter a specific finding regarding whether Cody was deployed, but
it can be inferred that the trial court’s addition to the decree was a ruling that Cody was not
deployed.
          By four issues, Cody appeals the trial court’s additions to the Agreed Final Decree
of Divorce and the trial court’s implied ruling on whether Cody was deployed. 
Analysis
          The decree defines “military deployment” as “military duty ordered for a period of
more than six months during which [Cody] will not be provided the option of being
accompanied by the child and where the deployment is in a location where access to the
child is not reasonably possible.” This definition tracks the statutory definition of “military
deployment” found in Texas Family Code section 153.3161. See Acts 2005, 79th Leg.,
R.S., ch. 916, § 13, 2005 Tex. Gen. Laws 3148, 3152, repealed by, Acts 2009, 81st Leg.,
R.S., ch. 727, § 6, 2009 Tex. Gen. Laws 1851, 1855.


 
          During the hearing, Hollye testified that she and the child had lived with Cody in an
off-base apartment in Fayetteville, North Carolina, for a period of time. In addition, Hollye
testified that she has taken the child to visit Cody in Fayetteville since the filing of the
divorce. This evidence was not disputed by Cody. Thus, it is clear that the evidence
establishes that Cody, while stationed in Fayetteville, possesses the option of being
accompanied by the child. Essentially, Cody’s position at the hearing was that it would not
be financially or logistically practical for him to be able to exercise his rights to standard
visitation while stationed in North Carolina. However, we do not construe the statute to
provide that financial and logistical hardships are sufficient to make access to the child not
reasonably possible. Consequently, we conclude that the evidence conclusively
established that Cody failed to meet the definition of “military deployment” under either the
statute or the decree. As such, Cody is not entitled to invoke his right to alternate visitation
and we will affirm the trial court’s implied ruling that Cody was not deployed.
          In regard to the trial court’s addition of terms to the agreed decree, appellant
conceded at oral argument that he would be willing to accept the trial court’s requirement
that he provide written notice of deployment to Hollye before invoking his right to alternate
visitation. Based solely on this concession and without addressing the merits of the issue,
we will affirm that portion of the decree. Further, both in her brief and during arguments
before this Court, Hollye indicated that she would be willing to agree to the deletion of the
“outside of the continental United States” portion of the decree’s definition of deployment. 
As a result, we will reform the decree to delete the sentence “The Court defines ‘military
deployment’ as assignments outside the continental United States.”



          Finally, while Cody raised an issue regarding the constitutionality of the trial court’s
actions in his brief, he conceded during oral argument that this issue was not raised before
the trial court and is, therefore, waived.
Conclusion
          For the foregoing reasons, we reverse that portion of the Agreed Final Decree of
Divorce that states that “The Court defines ‘military deployment’ as assignments outside
the continental United States” and render judgment that the same is stricken from the
Agreed Final Decree of Divorce. In all other respects, we affirm the judgment of the trial
court.
 
                                                                           Mackey K. Hancock

                                                                                    Justice