**Affirmed; Opinion Filed September 12, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-01010-CV

**GIA THORNTON, INDIVIDUALLY, AS THE REPRESENTATIVE FOR ALL
WRONGFUL DEATH BENEFICIARIES, AND AS AN HEIR AT LAW AND
REPRESENTATIVE OF THE ESTATE OF MCQUESTER J. SOLOMON, DECEASED,
Appellant
V.
COLUMBIA MEDICAL CENTER OF PLANO SUBSIDIARY, L.P., D/B/A MEDICAL
CITY OF PLANO, FORMALLY KNOWN AS MEDICAL CENTER OF PLANO, AND
JANE LEE, RN, Appellees**

**On Appeal from the 429th Judicial District Court
Collin County, Texas
Trial Court Cause No. 429-00366-2018**

## MEMORANDUM OPINION
Before Justices Myers, Osborne, and Nowell
Opinion by Justice Myers

This case concerns giving notice of a health care liability claim under section 74.051 of the

Texas Civil Practice and Remedies Code to toll the statute of limitations for seventy-five days.

*See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.051. The issue in this case is to whom the plaintiff

must give written notice of the claim when the health care provider is a limited partnership.

Gia Thornton, individually, as the representative for all wrongful death beneficiaries, and

as an heir at law and representative of the Estate of McQuester J. Solomon, deceased, appeals the

trial court's order granting the motion for summary judgment of Columbia Medical Center of

Plano Subsidiary, L.P., d/b/a Medical City of Plano, f/k/a Medical Center of Plano (Columbia),

and Jane Lee, R.N. Thornton brings one issue on appeal contending the trial court erred by granting the motion for summary judgment on the ground that Thornton's lawsuit was filed after the statute of limitations had expired. We affirm the trial court's judgment.

## BACKGROUND

In 1997, the hospital was owned by HSP of Texas, Inc. In 1997, HSP merged with Columbia, and HSP ceased to exist.

Seventeen years after this merger, McQuester J. Solomon was a patient at the hospital, and he died there on November 24, 2015. Thornton asserts she mailed notice of the claim to HSP on November 30, 2016 by mailing it to HSP's registered agent, Prentice Hall Corporation System, Inc. in Austin. However, Thornton states that document has been lost.

On November 7, 2017, Thornton's attorney mailed notice of the claim addressed to "Medical Center of Plano" at 3901 W. 15th Street, Plano, Texas, 75075, which is the hospital's physical address. The notice was returned to Thornton's attorney's with a label on the envelope stating, "RETURN TO SENDER[,] REFUSED[,] UNABLE TO FORWARD." The word "refused" is also handwritten on the envelope.

On January 25, 2018, two years and sixty-two days after Solomon's death, Thornton filed suit for medical malpractice against "HSP of Texas, Inc. d/b/a Medical Center of Plano and Jane Lee, R.N." On March 13, 2018, Thornton amended her petition, naming appellees, Columbia and Lee, as the defendants. Thornton served Columbia by serving its registered agent, CT Corporation, on March 15, 2018. Lee was not served, but she did file an answer.

Appellees filed a motion for summary judgment asserting the two-year statute of limitations expired, at the latest, on November 24, 2017, and Thornton did not file suit until sixty-two days later. Appellees also argued that Thornton's giving notice of the claim to HSP did not constitute notice to Columbia. Thornton filed a response to the motion for summary judgment,

asserting the November 7, 2017 notice to "Medical Center of Plano" was sufficient to comply with section 74.051 and toll the statute of limitations. The trial court granted appellees' motion for summary judgment and ordered that Thornton take nothing on her claims.

## SUMMARY JUDGMENT

In her sole issue on appeal, Thornton contends the trial court erred by granting appellees' motion for summary judgment on the ground that Thornton filed suit after the expiration of the statute of limitations. The standard for reviewing a traditional summary judgment is well established. *See McAfee, Inc. v. Agilysys, Inc.*, 316 S.W.3d 820, 825 (Tex. App.—Dallas 2010, no pet.). The movant has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). In deciding whether a disputed material fact issue exists precluding summary judgment, evidence favorable to the nonmovant will be taken as true. *In re Estate of Berry*, 280 S.W.3d 478, 480 (Tex. App.—Dallas 2009, no pet.). Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005). We review a summary judgment de novo to determine whether a party's right to prevail is established as a matter of law. *Dickey v. Club Corp.*, 12 S.W.3d 172, 175 (Tex. App.—Dallas 2000, pet. denied).

## STATUTE OF LIMITATIONS

The statute of limitations for a heath care liability claim is two years from the date of the breach or tort or two years from the time the hospitalization is completed. CIV. PRAC. § 74.251(a). Limitations began, at the latest, when Solomon died in the hospital on November 24, 2015. Thornton did not file suit within two years of this date.

Section 74.051 of the Civil Practice and Remedies Code provides that limitations is tolled for seventy-five days if the plaintiff gave the health care provider notice of the claim:

> (a) Any person or his authorized agent asserting a health care liability claim shall give written notice of such claim by certified mail, return receipt requested, to each

physician or health care provider against whom such claim is being made at least 60 days before the filing of a suit in any court of this state based upon a health care liability claim. . . .

. . . .

(c) Notice given as provided in this chapter shall toll the applicable statute of limitations to and including a period of 75 days following the giving of the notice, and this tolling shall apply to all parties and potential parties.

CIV. PRAC. § 74.051(a), (c). Thornton filed suit two years and sixty-two days after Solomon passed away. Therefore, if Thornton's November 7, 2017 letter to Plano Medical Center "gave written notice" of her claim to Columbia, then the statute of limitations was tolled for seventy-five days and Thornton timely filed suit. However, if the November 7, 2017 letter did not give Columbia Medical Center written notice, then limitations was not tolled and Thornton's claims were barred by the statute of limitations.

Columbia is a Texas limited partnership. Appellees argue that a Texas limited partnership receives notice when the notice is served on its registered agent or a general partner. Section 5.201(b) of the Texas Business Organizations Code provides that a registered agent "is an agent of the entity on whom may be served any process, notice, or demand required or permitted by law to be served on the entity." TEX. BUS. ORGS. CODE ANN. § 5.201(b). Also, "For the purpose of service of process, notice, or demand: . . . (2) each general partner of a domestic or foreign limited partnership . . . is an agent of that partnership . . . ." Id. § 5.255(2). Columbia's registered agent was listed in the public records of the Secretary of State's office as CT Corporation System, and the record provides the agent's address in Dallas. Appellees assert that if Thornton did not give written notice of the health care liability claim to Columbia's registered agent or a general partner, then Columbia was not given written notice of the claim.

Thornton argues she presented evidence raising a genuine issue of material fact whether she gave written notice to Columbia by mailing the notice to the physical address of the hospital

where Solomon was treated. She asserts "the hospital" was the health care provider, and she properly gave notice to "the hospital" by mailing the notice to its physical address. She asserts section 74.002 of the Civil Practice and Remedies Code states that Chapter 74 controls to the extent of any conflict with another statute. CIV. PRAC. § 74.002. The requirements of the Business Organizations Code for providing notice to a limited partnership do not conflict with Chapter 74. Chapter 74 requires that the claimant give written notice to the health care provider. The Business Organizations Code provides the method for giving notice to a limited partnership. Chapter 74 does not state that notice may be given by sending it to the place where the treatment was provided. Chapter 74 requires the notice be given to "the health care provider against whom such claim is being made." The hospital, Medical Center of Plano at 3901 W. 15th Street, Plano, Texas, 75075, was the physical place at which the treatment occurred, but it was not the health care provider Thornton sued. Therefore, Thornton's notice to "Medical Center of Plano" at the hospital's physical address did not provide notice to Columbia.

Thornton argues that even though receipt of the notice was refused, service of the notice was complete when the document was deposited in the mail, citing Texas Rule of Civil Procedure 21a. *See* TEX. R. CIV. P. 21a(b)(1). Rule 21a requires that the document be "properly addressed." *Id.* The notice addressed to "Medical Center of Plano" at its physical address was not "properly addressed" to Columbia.

Section 5.256 of the Business Organizations Code permits "other means of service of process, notice, or demand on a domestic or foreign entity as provided by other law." BUS. ORGS. § 5.256. Thornton asserts that section 17.021 of the Civil Practice and Remedies Code provides one of those other means of service of notice. Section 17.021 permits service of process on an entity by delivery to an employee or agent at the entity's place of business in certain circumstances. Section 17.021 provides:

(a) In an action against an individual, partnership, or unincorporated association that arises in a county in which the individual, partnership, or association has an office, place of business, or agency for transacting business in this state, citation or other civil process may be served on an agent or clerk employed in the office, place of business, or agency if:

(1) the action grows out of or is connected with the business transacted in this state; and

(2) the individual, partnership, or association:

(A) is not a resident of the county;

(B) is not a resident of this state; or

(C) is a resident of the county but has not been found for service of process.

CIV. PRAC. § 17.021(a). The record contains no evidence that Columbia is not a Dallas County and Texas resident. Thornton asks us to take judicial notice of a document in the Secretary of State's office stating that Columbia's "Address" is in Nashville, Tennessee. That document is not part of the summary-judgment evidence. We decline to take judicial notice of the document.[1] "The Court of Appeals is not a trier of fact. 'For us to consider evidence for the first time, never presented to the trial court, would effectively convert this Court into a court of original, not appellate jurisdiction.'" *SEI Bus. Sys., Inc. v. Bank One Tex., N.A.*, 803 S.W.2d 838, 841 (Tex. App.—Dallas 1991, no pet.) (quoting *Deerfield Land Joint Venture v. S. Union Realty Co.*, 758 S.W.2d 608, 610 (Tex. App.—Dallas 1988, no writ)). We conclude Thornton has not raised a genuine issue of material fact regarding whether her mailing notice of the claim to the hospital's physical address constituted written notice of the claim to Columbia.

Thornton also argues her sending notice to HSP in 2016 constituted notice to Columbia. We disagree. The notice was sent to a registered agent in Austin, Prentice Hall Corporation

---

[1] Appellate courts may take judicial notice of documents outside the appellate record to determine their jurisdiction or to resolve matters ancillary to decisions that are mandated by law, such as calculation of prejudgment interest when the appellate court renders judgment. *See Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 623–24 (Tex. 2012); *SEI Bus. Sys., Inc. v. Bank One Tex., N.A.*, 803 S.W.2d 838, 841 (Tex. App.—Dallas 1991, no pet.). This case does not involve those situations.

System, Inc., and nothing in the record shows that entity was ever the registered agent for Columbia. No evidence in the record shows that document ever came to Columbia's attention.

We conclude appellees conclusively proved Thornton failed to give them written notice of the claim under section 74.051 of the Civil Practice and Remedies Code. Therefore, the statute of limitations was not tolled. Because the statute of limitations was not tolled, it expired before Thornton filed suit, and the trial court did not err by granting appellees' motion for summary judgment. We overrule Thornton's issue on appeal.

## CONCLUSION

We affirm the trial court's judgment.

/Lana Myers/
LANA MYERS
JUSTICE

181010F.P05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

GIA THORNTON, INDIVIDUALLY, AS
THE REPRESENTATIVE FOR ALL
WRONGFUL DEATH BENEFICIARIES,
AND AS AN HEIR AT LAW AND
REPRESENTATIVE OF THE ESTATE
OF MCQUESTER J. SOLOMON,
DECEASED, Appellant

No. 05-18-01010-CV        V.

COLUMBIA MEDICAL CENTER OF
PLANO SUBSIDIARY, L.P., D/B/A
MEDICAL CITY OF PLANO,
FORMALLY KNOWN AS  MEDICAL
CENTER OF PLANO, and JANE LEE,
RN, Appellees

On Appeal from the 429th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 429-00366-2018.
Opinion delivered by Justice Myers.
Justices Osborne and Nowell participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellees COLUMBIA MEDICAL CENTER OF PLANO
SUBSIDIARY, L.P., D/B/A MEDICAL CITY OF PLANO, FORMALLY KNOWN AS
MEDICAL CENTER OF PLANO, and JANE LEE, RN recover their costs of this appeal from
appellant GIA THORNTON, INDIVIDUALLY, AS THE REPRESENTATIVE FOR ALL
WRONGFUL DEATH BENEFICIARIES, AND AS AN HEIR AT LAW AND
REPRESENTATIVE OF THE ESTATE OF MCQUESTER J. SOLOMON, DECEASED.


Judgment entered this 12th day of September, 2019.