# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-21-00234-CV

---

**HMW Special Utility District of Harris and Montgomery Counties, Appellant**

**v.**

**Public Utility Commission of Texas, Appellee**

---

### FROM THE 200TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-20-000905, THE HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Pursuant to former section 13.254(a-5) of the Texas Water Code, the Public Utility Commission of Texas granted the petition of Previllage, L.L.C. for expedited release of its property from the certificated service area of HMW Special Utility District of Harris and Montgomery Counties. *See* former Tex. Water Code § 13.254(a-5) (providing property not receiving water or sewer service expedited release from certificate of public convenience and necessity).[1] HMW filed suit for judicial review, and the trial court affirmed the Commission's order. *See* Tex. Water Code § 13.381 (entitling party to proceeding before Commission to judicial review under substantial evidence rule). For the following reasons, we affirm the trial court's final judgment.

---

[1] Effective September 1, 2019, the substance of section 13.254(a-5) was modified and moved to section 13.2541 of the Texas Water Code. *See* Act of May 25, 2019, 86th Leg., R.S., ch. 688, §§ 4, 6, 2019 Tex. Gen. Laws 1977, 1977–78 (current version at Tex. Water Code § 13.2541). We refer to former section 13.254 as it existed prior to September 1, 2019.

# BACKGROUND

HMW holds a certificate of public convenience and necessity, CCN number 10342, that authorizes it to be the exclusive water-service provider within a specifically defined territory, which is referred to as the "certificated area." *See id.* § 13.244 (setting forth requirements for CCN). Previllage owns an approximately 50-acre tract of land (the Property) that is located within HMW's certificated area.

In March 2019, Quadvest, L.P., a water utility and CCN holder, filed a petition on behalf of Previllage for the expedited release of the Property from HMW's certificated area because the Property was not "receiving water service." *See* former Tex. Water Code § 13.254(a-5). The petition was through the affidavit of Ahmet Ozan, the general partner of Previllage. Ozan averred that the Property was over 25 acres and "not receiving water service from [HMW] or any other water service provider." *See id.* (providing that owner of tract of land larger than 25 acres and located in certain counties may petition for, and is entitled to, expedited release of tract from certificated area if the tract "is not receiving water or sewer service"); *see also id.* § 13.002(21) (defining "service").[2]

In April 2019, an administrative law judge (ALJ) found that Previllage's petition was deficient because it listed the Property as being in Montgomery County when "the attached maps list the [P]roperty within Harris County." The ALJ provided an opportunity to cure, and

---

[2] The Commission "shall grant a petition received under Subsection (a-5) not later than the 60th day after the landowner files the petition." Former Tex. Water Code § 13.254(a-6). "Upon decertification of the property, the CCN holder no longer has the exclusive right to provide service to the property." *Johnson Cnty. Specialty Util. Dist. v. Public Util. Comm'n of Tex.*, No. 03-17-00160-CV, 2018 Tex. App. LEXIS 3328, at *2 (Tex. App.—Austin May 11, 2018, pet. denied) (mem. op.).

2

Quadvest, on behalf of Previllage, filed an amended petition with a revised affidavit of Ozan correctly identifying Harris County as the county in which the Property was located.

In the time between the filing of the original and amended petitions, HMW intervened in the administrative proceeding. HMW moved to dismiss the petition and sought discovery from Quadvest. HMW did not contend that the Property was receiving water service but sought to have the petition dismissed because, as is relevant here, Ozan's initial and revised affidavits were contradictory as to the county in which the Property was located. The ALJ denied HMW's request for discovery and motion to dismiss and recommended that the petition be granted and that HMW not receive compensation. *See* former Tex. Water Code § 13.254(a-6) ("The utility commission may require an award of compensation by the petitioner to a decertified retail public utility that is the subject of a petition filed under subsection (a-5) as otherwise provided by this section."), (d) (addressing compensation for property that Commission "determines is rendered useless or valueless to the decertified retail public utility as a result of decertification"). Consistent with the ALJ's recommendations, the Commission granted the petition, releasing the Property from HMW's certificated area. In its order, the Commission found:

> The tract of land from which Previllage seeks release is at least a total of 25 contiguous acres, is not receiving water service, and is within the boundaries of Harris County, a qualifying county.
>
> * * *
>
> HMW has not committed or dedicated facilities or lines providing water service to the tract of land.
>
> HMW has not performed acts regarding or supplied anything to the tract of land.

3

The tract of land is not receiving water service from HMW.

In its conclusions of law, the Commission concluded that Previllage had satisfied the requirements of former section 13.254(a-5) and that the Property was subject to expedited release. The Commission also concluded that HMW was not entitled to compensation because it had failed to prove that any of its property would be rendered valueless or useless by the decertification of the Property under the standards of former section 13.254(a-6) and (d).

HMW filed a motion for rehearing, which was overruled by operation of law, and sought judicial review of the Commission's order. Before the trial court, HMW also sought temporary injunctive relief and discovery directed to Quadvest.[3] The trial court denied HMW's requests for injunctive relief and discovery and signed a final judgment affirming the Commission's order. This appeal followed.

## ANALYSIS

In seven issues, HMW contends that: (i) the Commission did not have jurisdiction or authority to consider the application to decertify, (ii) the application to decertify under former section 13.254(a-5) cannot be applied to HMW, (iii) the Commission's rulings interfered with HMW's substantial rights as provided by section 2001.174 of the Texas Government Code, (iv) the Commission was required to consider section 13.252 of the Texas Water Code, (v) the Commission and the trial court should have granted the discovery requested by HMW, (vi) the application to decertify was not verified as required by former section 13.254(a-5), and (vii) the trial court erred by failing to reverse the Commission.

---

[3] In addition to naming the Commission as a defendant in its suit for judicial review, HMW named Quadvest and Previllage. Quadvest and Previllage answered and participated in the trial court, but they are not parties on appeal. *See* Tex. Water Code § 13.381 (entitling party to proceeding before Commission to judicial review under substantial evidence rule).

*Standard of Review*

Judicial review of the Commission's final order is by the substantial evidence standard of review. *See* Tex. Water Code §§ 13.002(16) (defining "proceeding" to include "fact-finding or decision-making procedure" under chapter 13 of Texas Water Code), .381 (providing that party to "proceeding" before Commission "is entitled to judicial review under the substantial evidence rule"); *Texas Gen. Land Office v. Crystal Clear Water Supply Corp.*, 449 S.W.3d 130, 135 (Tex. App.—Austin 2014, pet. denied) (describing standard of review from Commission's order granting expedited release under former section 13.254(a-5) of Water Code).

Under this standard, "a court may not substitute its judgment for the judgment of the state agency on the weight of the evidence or questions committed to agency discretion." Tex. Gov't Code § 2001.174; *see Firemen's & Policemen's Civil Serv. Comm'n v. Brinkmeyer*, 662 S.W.2d 953, 956 (Tex. 1984) ("The reviewing court is concerned only with the reasonableness of the administrative order, not its correctness."). But we must reverse or remand the case to the state agency for further proceedings:

> if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
>
> (A) in violation of a constitutional or statutory provision;
>
> (B) in excess of the agency's statutory authority;
>
> (C) made through unlawful procedure;
>
> (D) affected by other error of law;
>
> (E) not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole; or

(F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Tex. Gov't Code § 2001.174(2).

"Substantial-evidence analysis entails two component inquiries: (1) whether the agency made findings of underlying facts that logically support the ultimate facts and legal conclusions establishing the legal authority for the agency's decision or action and, in turn, (2) whether the findings of underlying fact are reasonably supported by evidence." *AEP Tex. Commercial & Indus. Retail, Ltd. P'ship v. Public Util. Comm'n of Tex.*, 436 S.W.3d 890, 905 (Tex. App.—Austin 2014, no pet.). An agency's decision "is supported by substantial evidence if the evidence in its entirety is sufficient to allow reasonable minds to have reached the conclusion that the agency must have reached to justify the disputed action." *Crystal Clear Water Supply*, 449 S.W.3d at 135 (citing *Texas State Bd. of Dental Exam'rs v. Sizemore*, 759 S.W.2d 114, 116 (Tex. 1988)). "The evidence in the record may preponderate against the agency's decision but still provide a reasonable basis for the agency's decision and thereby meet the substantial evidence standard." *Id.* (citing *Texas Health Facilities Comm'n v. Charter Med.-Dal., Inc.*, 665 S.W.2d 446, 452 (Tex. 1984)). "The question of whether an agency's decision is supported by substantial evidence is a question of law, and we owe no deference to the district court's decision." *Id.* (citing *Brinkmeyer*, 662 S.W.2d at 956).

*Motion for Judicial Notice*

Before addressing HMW's appellate issues, we turn to its pending motion to take judicial notice of the following: (i) "HMW Water System Data and Facts Regarding Public Water Systems ('PWS') No. 1012794, 1700317 and 1012276"; (ii) the 1998 order by the Texas

6

Natural Resource Conversation Commission (TNRCC)[4] that converted a water supply corporation to HMW and contingently issued CCN number 10342; (iii) the original CCN number 10342 that was issued in 1998[5]; (iv) "Pages 1 and 17 of [HMW's] Correction Warranty Deed dated March 2, 1999"; (v) Former section 13.254(a-5); and (vi) Orders No. 9 and No. 10 in the Commission's Docket 50244. HMW has filed copies of these documents with this Court. The 1998 TNRCC order, former section 13.254(a-5), and Orders No. 9 and No. 10 in the Commission's docket 50244 also were admitted as exhibits in the temporary injunction hearing before the trial court, but none of the documents are in the administrative record.[6] During the merits hearing, the trial court advised the parties that it would take judicial notice of the exhibits from the temporary injunction hearing but that they were not admitted for purposes of its substantial evidence review of the Commission's order.

In an appeal from an agency order under substantial evidence review, the court "is confined to the agency record, except that the court may receive evidence of procedural irregularities alleged to have occurred before the agency that are not reflected in the record." Tex. Gov't Code § 2001.175(e). Further, although appellate courts may take judicial notice in certain circumstances, they "are reluctant to take judicial notice of matters that go to the merits

---

[4] The Texas Natural Resource Conservation Commission (TNRCC), now known as the Texas Commission on Environmental Quality, formerly regulated water utilities in Texas. *See* Act of May 14, 2013, 83d Leg., R.S., ch. 170, § 2.05, 2013 Tex. Gen. Laws 725, 731 (codified at Tex. Water Code § 11.002); Act of May 14, 2013, 83d Leg., R.S., ch. 171 § 5, 2013 Tex. Gen. Laws 772, 773 (codified at Tex. Water Code § 11.002).

[5] Although the original CCN number 10342 that was issued in 1998 is not in the administrative record, it was uncontested before the Commission that the Property was located within the boundaries of the certificated area under CCN number 10342.

[6] HMW attached one of the documents to its motion for judicial review and included the others in an appendix to its brief.

of a dispute." *Seiler v. Seiler*, No. 03-19-00020-CV, 2021 Tex. App. LEXIS 122, at *11, n.4 (Tex. App.—Austin Jan. 8, 2021, pet. denied) (mem. op.) (citing *SEI Bus. Sys., Inc. v. Bank One Tex., N.A.*, 803 S.W.2d 838, 841 (Tex. App.—Dallas 1991, no writ)); *see also* Tex. R. Evid. 201 (addressing court's authority to judicially notice adjudicative facts); *Cabellero v. Rushmore Loan Mgmt. Servs., LLC*, No. 05-19-00298-CV, 2020 Tex. App. LEXIS 2901, at *16–17 (Tex. App.—Dallas Apr. 7, 2020, no pet.) (mem. op.) (declining to take judicial notice of evidence that was not presented to trial court because court of appeals is not "a trier of fact" (quoting *SEI Bus. Sys.*, 803 S.W.2d at 841)). "As a general rule, appellate courts take judicial notice of facts outside the record only to determine its jurisdiction over an appeal or to resolve matters ancillary to matters which are mandated by law." *SEI Bus. Sys.*, 803 S.W.2d at 841; *see FinServ Cas. Corp. v. Transamerica Life Ins.*, 523 S.W.3d 129, 147 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) (discussing when it is appropriate for appellate court to take judicial notice of facts that are not in evidence).

Turning to HMW's documents, the record reflects that the Commission and the trial court considered former section 13.254(a-5) of the Texas Water Code not as evidence, but as legal authority in their analysis. *See Smith v. Montemayor*, No. 03-02-00466-CV, 2003 Tex. App. LEXIS 5099, at *30 (Tex. App.—Austin June 19, 2003, no pet.) (mem. op.) ("A reviewing court may consider any legal authority pertinent to the case."). Similarly, we do not need to take judicial notice of former section 13.254(a-5) of the Texas Water Code to consider it as legal authority. *See id.* at *29–30 ("Legal authority need not be made a part of the administrative record to be considered by the reviewing court.").

As to the remaining documents that HMW has requested that we judicially notice, we decline to do so. HMW could have sought to have the documents admitted in the underlying

8

administrative proceeding but did not do so. *See* Tex. Gov't Code § 2001.175(c) (providing that party may apply to court to present additional evidence and, if court is satisfied that evidence is material and there were good reasons for failure to present evidence in agency proceeding, court may order that additional evidence be taken before agency and agency may then change findings and decision by reason of additional evidence). Additionally, HMW does not contend that the documents are evidence of procedural irregularities before the Commission, *see id.* § 2001.175(e), and, based on our review of the documents, they do not impact this Court's jurisdiction over this appeal but go to the merits of the parties' dispute. *See Seiler*, 2021 Tex. App. LEXIS 122, at *11, n.4; *SEI Bus. Sys.*, 803 S.W.2d at 841. Thus, we deny HMW's motion to take judicial notice and turn to its issues.

### *Jurisdictional Challenge*

In its first two issues, HMW argues that the Commission lacked jurisdiction or authority to grant the petition because HMW "holds property interests that are 'damaged,' meaning in this case that their value is diminished" by the Commission's order and that the Commission's action is barred by Article I, Section 13 of the Texas Constitution. *See* Tex. Const. art. 1, § 13 (providing that "courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law"). HMW argues that it is entitled to due process and that the Commission's reduction of its certification area is "in effect acting as a condemnation of HMW's existing property, without due process or compensation."[7]

---

[7] As support for its arguments that the Commission did not have jurisdiction or authority to release a portion of HMW's certificated area, HMW relies on language in the 1998 TNRCC order. HMW argues that the "plain meaning, mandatory language" in the order prohibits any

9

This Court, however, has held that "a CCN, which confers the exclusive right to serve a designated area, is not a vested property right entitled to due-process protection." *See Crystal Clear Water Supply*, 449 S.W.3d at 145 (citing *Creedmore-Maha Water Supply Corp. v. Texas Comm'n on Envtl. Quality*, 307 S.W.3d 505, 525–26 (Tex. App.—Austin 2010, no pet.))[8]; *see also* 16 Tex. Admin. Code § 24.251 (Public Util. Comm'n of Tex., Exclusiveness of Certificates) ("Any certificate granted under this subchapter shall not be construed to vest exclusive service or property rights in and to the area certificated."); *Johnson Cnty. Specialty Util. Dist. v. Public Util. Comm'n of Tex.*, No. 03-17-00160-CV, 2018 Tex. App. LEXIS 3328, at

---

portion of its certificated area from being decertified. Based on its characterization of its CCN as a vested right, HMW also contends that it was entitled to rely on the rights afforded to it at the time of its creation, together with its rights as a Texas water district, and that the Commission improperly applied a "retroactive law" because former section 13.254(a-5) of the Texas Water Code "was enacted long after" the 1998 TNRCC order granting its CCN. *See* Tex. Const. art. I, § 16 ("No . . . retroactive law . . . shall be made."). We, however, have declined to take judicial notice of the order, which is not in the administrative record, and do not consider it in our analysis. *See* Tex. Gov't Code § 2001.175(e). Further, even if we were to consider the order, it would not impact our determination that the Commission had jurisdiction and was authorized to release the Property from the certificated area of HMW's CCN. *See* former Tex. Water Code § 13.254(a-5); *Southwestern Bell Tel. Co. v. Public Util. Comm'n of Tex.*, 735 S.W.2d 663, 668 (Tex. App.—Austin 1987, no writ) (noting that rights utility has under CCN "arise and are held under and subject to" statutory and regulatory provisions).

[8]  HMW argues that this Court's opinions in *Texas General Land Office v. Crystal Clear Water Supply Corp.*, 449 S.W.3d 130, 135 (Tex. App.—Austin 2014, pet. denied), and *Creedmore-Maha Water Supply Corp. v. Texas Commission on Environmental Quality*, 307 S.W.3d 505, 525–26 (Tex. App.—Austin 2010, no pet.), are factually and legally distinguishable because the applicants in those cases did not possess a CCN "with the rights attendant to those provided by the TNRCC," which "cannot be divested," and unlike the applicants in those cases, Previllage did not request water service from HMW. But former section 13.245(a-5) expressly authorizes an expedited release of property from a certificated area when a landowner satisfies its requirements, and there is no requirement in former section 13.254(a-5) that the applicant not be a CCN holder or request water service before filing a petition for expedited release. In any case, Previllage is not a CCN holder.

HMW also relies on *Green Valley Special Utility District v. City of Schertz*, 969 F.3d 460 (5th Cir. 2020), but that case concerns section 1926(b) of article 7 of the United States Code and is not helpful to our analysis, *see id.* at 465.

10

*31 (Tex. App.—Austin May 11, 2018, pet. denied) (mem. op.) (relying on holding in *Crystal Clear Water Supply* that "CCN is not a vested right entitled to due process protections"); *cf.* Tex. Water Code § 11.026 (addressing perfection of right to appropriated water); *Texas Water Rights Comm'n v. Wright*, 464 S.W.2d 642, 647 (Tex. 1971) (stating opinion that "matured appropriation right to water is a vested right"). Further, the Legislature expressly authorized the Commission to grant petitions for expedited release. *See* former Tex. Water Code § 13.254(a-5); *see also* Tex. Water Code §§ 13.001(c) (stating that purpose of chapter is to establish comprehensive regulatory scheme that is adequate), .242 (authorizing Commission to issue certificates).[9]

We also observe that HMW was provided notice of and participated in the administrative proceeding. *See Scally v. Texas State Bd. of Med. Exam'rs*, 351 S.W.3d 434, 447 (Tex. App.—Austin 2011, pet. denied) ("At a minimum, due process requires notice and an opportunity to be heard at a meaningful time and in a meaningful manner." (citing *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976); *University of Tex. Med. Sch. at Hous. v. Than*, 901 S.W.2d 926, 930 (Tex. 1995))). And the statutory scheme provides a means for a CCN holder in HMW's situation to be compensated when property is released from its certificated area. *See* former Tex. Water Code § 13.254(a-6). In its order, the Commission found that "HMW's existing water facilities can still be used and useful to provide service in the remainder of its CCN service area" and that "[n]o property of HMW is rendered useless or valueless by the decertification" and concluded that compensation was not required because HMW failed to

---

[9] To the extent that HMW seeks relief because Previllage's filing was prior to the modification of former section 13.254 taking effect or argues that the Commission did not have jurisdiction because former section 13.254 was modified and moved to a different section of the Texas Water Code, HMW concedes that former section 13.254 applies to Previllage's petition because the petition was filed before September 1, 2019.

11

prove that "any of its property will be rendered useless or valueless by the decertification." *See id.* The Commission order also "has no effect on [HMW's] title to any of its property or facilities." *Johnson Cnty. Specialty Util. Dist.*, 2018 Tex. App. LEXIS 3328, \*32.

For these reasons, we conclude that the Commission had jurisdiction and authority to grant Previllage's petition under former section 13.254(a-5) and overrule HMW's first and second issues.

*Substantial Evidence Review*

In its third issue, HMW argues that the Commission's order interfered with and prejudiced HMW's substantial rights as provided by section 2001.174 of the Texas Government Code. *See* Tex. Gov't Code § 2001.174. HMW argues that the Commission "acted on a matter not committed to its discretion, violated HMW's substantial rights in numerous ways, employed unlawful procedures, committed legal errors, and abused its discretion" "to deprive HMW of its substantial rights." HMW states its substantial rights as: (i) the rights provided in the 1998 TNRCC order, which "cannot be divested"; (ii) the right to rely on those rights; (iii) the right to no interference from another CCN holder; and (iv) the "ability to expand its services as a Texas water district." *See* Tex. Water Code § 49.215 (addressing district's authority to service areas outside district without holding CCN). As support for this issue, HMW relies on Ozan's "conflicting affidavits." HMW argues that because the affidavits directly contradict, "they cannot purport to be 'substantial evidence' and cannot support this application." Relatedly, in its sixth issue, HMW argues that the petition was not verified as required by former section 13.254(a-5) because of the "conflicting affidavits."

Although we do not consider the 1998 TNRCC order in our analysis because it is not in the administrative record, our analysis would not be impacted even if we were to consider it. The statutory scheme necessarily contemplates releasing a tract of land from a certificated area of an existing CCN when the tract of land is not receiving water service. *See* former Tex. Water Code § 13.256(a-5). Here the evidence before the Commission included: (i) Ozan's revised affidavit in which he averred that the Property was more than 25 acres, located in Harris County, and "not receiving water service" from HMW or any other water service provider[10]; (ii) a copy of the warranty deed with vendor's lien, which showed that Previllage owned the Property; and (iii) maps showing the Property's location. Although HMW participated in the administrative proceeding, it did not present contrary evidence and does not dispute that the Property is in Harris County.

Among its arguments, HMW characterizes the Commission's conduct in allowing Ozan to file a corrected affidavit as improperly "taking sides," but HMW has not cited, and we have not found, authority that would support its arguments that: (i) Ozan's original affidavit could not be revised to correct an inadvertent mistake, (ii) it was improper for the ALJ to allow Previllage to file a revised affidavit that corrected the county in which the Property was located,

_____

[10] HMW characterizes Ozan's statement about water service as "a single conclusory statement, possibly drafted by another interested party," but Ozan also averred:

> The Property is not receiving water service from [HMW] or any other water service provider. Previllage, LLC has not requested water service from [HMW] or paid any fees or charges to initiate or maintain water service, and there are no billing records or other documents indicating an existing account for the Property. I have reviewed surveys and deed records for the Property and there are no utility easements or other indication that any water lines or other facilities of [HMW are] located on the Property. I have visited the Property, and I have not observed, and am not aware of any work performed by [HMW] to extend service to the Property.

13

or (iii) the Commission could not rely on the revised affidavit. The Commission's rules expressly allow a party to correct and amend pleadings and documents. *See* 16 Tex. Admin. Code §§ 22.75 (Pub. Util. Comm'n of Tex., Examination and Correction of Pleadings and Documents), .76 (Pub. Util. Comm'n of Tex., Amended Pleadings). Thus, we conclude that HMW has not shown that the Commission violated HMW's substantial rights by relying on the revised affidavit when it granted Previllage's petition to release the Property from the certificated area. *See* Tex. Gov't Code § 2001.174; former Tex. Water Code § 13.254(a-5). We overrule HMW's third and sixth issues.

*Section 13.252*

In its fourth issue, HMW contends that the Commission was required to consider section 13.252 of the Texas Water Code, which provides:

> If a retail public utility in constructing or extending a line, plant, or system interferes or attempts to interfere with the operation of a line, plant, or system of any other retail public utility, or furnishes, makes available, renders, or extends retail water or sewer utility service to any portion of the service area of another retail public utility that has been granted or is not required to possess a certificate of convenience and necessity, the utility commission may issue an order prohibiting the construction, extension, or provision of service or prescribing terms and conditions for locating the line, plant, or system affected or for the provision of the service.

Tex. Water Code § 13.252. HMW characterizes its right to be free from interference by Quadvest, the water utility company that filed the petition for Previllage, as a substantial right under section 2001.174 of the Texas Government Code and Quadvest as the "real applicant party in interest" because it "drove the application to decertify" and "had the most to gain from its potential success." HMW argues that as the holder of a CCN, "Quadvest seeks to unlawfully

14

divest HMW of a portion of its service area" and to "supplant HMW as the water provider for the disputed area, in violation of state policy."

HMW, however, has not cited, and we have not found, authority that supports HMW's contention that it had a substantial right to be free from Quadvest's conduct in the administrative proceeding—its assisting and filing a petition on behalf of a landowner—or that such conduct was unlawful or improper. The Commission reasonably could have concluded that section 13.252 did not apply because there was no evidence that Quadvest had interfered with HMW's CCN in an unlawful way. Further, even if there was evidence of a violation of section 13.252, it was within the Commission's discretion to take responsive action. *See id.* (stating that commission "may" issue order); Tex. Gov't Code § 311.016(1) ("'May' creates discretionary authority or grants permission or a power."). We overrule HMW's fourth issue.

*Discovery Requests*

In its fifth issue, HMW contends that the Commission and the trial court should have granted HMW's discovery requests "for the purpose of obtaining additional facts about the relationship between Previllage and Quadvest, incident to [HMW's] allegation that Quadvest is the real party in interest." *See* 16 Tex. Admin. Code § 22.141 (Pub. Util. Comm'n of Tex., Forms and Scope of Discovery). HMW argues that the requests were timely, reasonable, not burdensome, and designed to ascertain facts relevant to this proceeding and that the Commission's "failure to confront the implications of Quadvest's involvement in this case was a further abuse of discretion." But because a petition for expedited release is not a contested case hearing and there is not an opportunity for a hearing, the Commission reasonably denied HMW's motion to direct responses to discovery. *See* Tex. Water Code §§ 13.015 (authorizing informal

15

proceedings); former Tex. Water Code § 13.254(a-5), (a-6) (requiring Commission to grant petition that satisfied statutory requirements not later than 60 days after landowner files petition); *Johnson Cnty. Specialty Util. Dist.*, 2018 Tex. App. LEXIS 3328, at \*32 (observing that section 13.254 does not require hearing of expedited release proceeding and comparing expedited release proceeding with proceeding under section 13.254(a) that authorizes "at any time after notice and hearing" Commission to revoke or amend CCN).

HMW similarly argues that the trial court should have used its authority to permit HMW to obtain the evidence it sought through discovery under subsections 2001.175(c) and (e) of the Texas Government Code. Those subsections, however, concern presenting additional evidence outside the administrative record, not requests for discovery. *See* Tex. Gov't Code § 2001.175(c) (authorizing party to apply to court to present additional evidence), (e) (authorizing court to "receive evidence of procedural irregularities alleged to have occurred before the agency that are not reflected in the record"). We overrule HMW's fifth issue.

*Trial Court's Final Judgment*

In its seventh issue, HMW contends that the trial court erred by failing to reverse the Commission's order. As part of this issue, HMW also appears to challenge the trial court's denial of its request for injunctive relief in its briefing and to ask this Court to grant injunctive relief. Given that we have concluded that substantial evidence supports the Commission's order, even if we assume that we have the authority to grant such injunctive relief, we deny HMW's request. Other than the appellate issues that we have already addressed, HMW does not raise other separate arguments to support its seventh issue. For the reasons stated above, we conclude

16

that the trial court did not err when it affirmed the Commission's order and overrule HMW's seventh issue.

## CONCLUSION

Having overruled HMW's issues, we affirm the trial court's final judgment.

_____

Rosa Lopez Theofanis, Justice

Before Justices Baker, Smith, and Theofanis

Affirmed

Filed:   February 24, 2023