# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-23-00507-CV

**Ken Paxton, Attorney General of the State of Texas, Appellant**

**v.**

**Williamson County, Appellee**

### FROM THE 353RD DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-22-007162, THE HONORABLE KARIN CRUMP, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Attorney General Ken Paxton has filed a motion to dismiss this appeal and the underlying case for want of jurisdiction and to vacate the underlying final judgment. *See* Tex. R. App. P. 42.3(a). For the following reasons, we grant the motion.

## BACKGROUND

After receiving requests pursuant to the Public Information Act (PIA) for election records, including voted ballots and cast vote records, Williamson County wished to withhold the records as confidential pursuant to Section 66.058 of the Texas Election Code for a period of at least twenty-two months after the relevant election day and requested a ruling from the Attorney General. *See* Tex. Elec. Code § 66.058 (addressing preservation period of twenty-two months after election day of precinct election records); Tex. Gov't Code § 552.301 (setting forth procedure for governmental body to request decision from Attorney General when "it wishes to

withhold from public disclosure"); *see also generally* Tex. Gov't Code §§ 552.001–.353. The Attorney General ruled that the requested information must be made available for public inspection, and in response, Williamson County filed suit challenging the Attorney General's ruling. *See* Tex. Gov't Code § 552.324 (allowing governmental body to seek declaratory relief from compliance with Attorney General's decision). In its final judgment, the trial court ruled in Williamson County's favor, finding that the records were not subject to disclosure under the PIA until twenty-two months after the relevant election day. Attorney General Paxton then brought this appeal.

During the pendency of the appeal, the Legislature amended Section 1.012 of the Texas Election Code, effective Sept. 1, 2023, to add Subsections (f) and (g):

> (f) Beginning on the first day after the date the final canvass of an election is completed, the general custodian of election records shall make available for public inspection election records that are: (1) images of voted ballots, if a county maintains images of voted ballots; or (2) cast vote records.
>
> (g) Beginning on the 61st day after election day, the general custodian of election records shall make available for public inspection election records that are original voted ballots.

Tex. Elec. Code § 1.012.

## MOTION TO DISMISS

Attorney General Paxton has filed a motion to dismiss based on the mootness doctrine, which "applies to cases in which a justiciable controversy exists between the parties at the time the case arose, but the live controversy ceases because of subsequent events." *Matthews v. Kountze Indep. Sch. Dist.*, 484 S.W.3d 416, 418 (Tex. 2016) (citing *Heckman v. Williamson County*, 369 S.W.3d 137, 162 (Tex. 2012)). The mootness doctrine "prevents courts from

2

rendering advisory opinions, which are outside the jurisdiction conferred by Texas Constitution article II, section 1." *Id.* (citing *Valley Baptist Med. Ctr. v. Gonzalez*, 33 S.W.3d 821, 822 (Tex. 2000) (per curiam)). In the context of a PIA case, the controversy becomes moot when the requestor receives the information at issue. *See City of Georgetown v. Putnam*, 646 S.W.3d 61, 72 (Tex. App.—El Paso 2022, pet. denied) (explaining that "[c]ourts have uniformly held that a plaintiff's claims for both injunctive and declaratory relief under the PIA are rendered moot upon the governmental body's release of the requested information to the plaintiff" and collecting cases); *Gates v. Texas Dep't of Fam. & Protective Servs.*, No. 03-15-00631-CV, 2016 Tex. App. LEXIS 6598, at *13–14 (Tex. App.—Austin June 23, 2016, pet. denied) (mem. op.) (concluding that claims brought under PIA were moot when governmental body produced requested information).

Williamson County filed a response to the motion to dismiss. Without taking a position on the motion, it raised concerns with vacating the underlying final judgment because two of the four requests for public information that were at issue in the underlying suit remained open and unfulfilled, potentially exposing Williamson County and its employees to liability under Section 552.353 of the PIA if the final judgment is vacated. *See* Tex. Gov't Code § 552.353 (addressing criminal offense of failure to provide access to public information). Williamson County, however, agrees that as to the other two requests, it received new requests for the same records from the same requestors and has released those records.

Attorney General Paxton has filed a reply with evidence showing that the requestors of the two remaining requests that Williamson County raised concerns about in its response have now withdrawn their requests. Because this evidence impacts this Court's jurisdiction, we take judicial notice of it. *See* Tex. R. Evid. 201 (addressing court's authority to

3

judicially notice adjudicative facts); *Meeker v. Tarrant Cnty. Coll. Dist.*, 317 S.W.3d 754, 759 (Tex. App.—Fort Worth 2010, pet. denied) (discussing mootness doctrine and explaining that "[b]ecause '[m]ootness is a matter that ordinarily arises after the rendition of the judgment or order appealed from,' we can only determine whether Meeker's appeal is moot by considering evidence of matters occurring subsequent to the trial court's summary judgment order"); *SEI Bus. Sys., Inc. v. Bank One Tex., N.A.*, 803 S.W.2d 838, 841 (Tex. App.—Dallas 1991, no writ) (explaining that appellate courts may take judicial notice of facts outside record to determine jurisdiction over appeal). Thus, the requestors in the underlying PIA case have now either received the information that they requested or withdrawn their requests. It follows that there is no longer a live controversy between the parties, and this appeal and the underlying case are moot. *See Matthews*, 484 S.W.3d at 418; *Putnam*, 646 S.W.3d at 72.

In its response, Williamson County urges this Court not to vacate the final judgment because "it provides clarity and guidance regarding public information act requests for voted ballots and how to harmonize the Government Code and the public's right to information with the statutory protections of the Election Code" and argues that the underlying judgment should not be vacated because the trial court's ruling falls within the capable-of-repetition-but-evading-review and public-interest exceptions to the mootness doctrine. *See State v. City of Austin*, No. 03-20-00619-CV, 2021 Tex. App. LEXIS 2651, at *14–21 (Tex. App.—Austin Apr. 8, 2021, no pet.) (mem. op.) (discussing exceptions to mootness doctrine); *Putnam*, 646 S.W.3d at 73–74 (same).

Under the PIA, however, a requestor has a statutory right to obtain judicial review, including mandamus relief, as to any records that are improperly withheld in the future. *See* Tex. Gov't Code § 552.321 (allowing requestor to file suit for writ of mandamus against

4

governmental body to make information available for public inspection). Further, the exceptions to the mootness doctrine would only allow this Court to reach the merits of the case that was before the trial court, which was under the prior law as to the specific requests at issue, and not some future hypothetical case under the amendments to Section 1.012 of the Texas Election Code. *See Matthews*, 484 S.W.3d at 418 (explaining that rendering advisory opinions is outside court's jurisdiction).

Moreover, Williamson County has not cited, and we have not found, authority that would allow this Court to dismiss the appeal based on the mootness doctrine but leave the final judgment in place based on exceptions to the mootness doctrine. *See Heckman*, 369 S.W.3d at 162 ("If a case is or becomes moot, the court must vacate any order or judgment previously issued and dismiss the case for want of jurisdiction."); *Texas Quarter Horse Ass'n v. American Legion Dep't of Tex.*, 496 S.W.3d 175, 182–84 (Tex. App.—Austin 2016, no pet.) (explaining policy reasons behind vacating trial court's judgment when case becomes moot on appeal, including that "dismissing only the appeal in those circumstances may be unfair to the appellant because it causes the lower-court judgment to become final and preclusive—effectively affirming it—without affording the appellant the opportunity to be heard on the merits" and that "dismissing the appeal in those circumstances achieves the effect of an affirmance in a moot case").

**CONCLUSION**

For these reasons, we grant Attorney General Paxton's motion to dismiss, vacate the trial court's final judgment, and dismiss this appeal and the underlying case for want of jurisdiction.

_____

Rosa Lopez Theofanis, Justice

Before Chief Justice Byrne, Justices Smith and Theofanis

Vacated and Dismissed for Want of Jurisdiction

Filed:   January 11, 2024