**Opinion issued August 15, 2024**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-24-00259-CV**

————————————

**IN RE KEITH GROSS, RELATOR**

**Original Proceeding on Petition for Writ of Mandamus**

**MEMORANDUM OPINION**

Relator, Keith Gross, has filed a petition for a writ of mandamus, contending that the trial court erred by denying a request for nonsuit, continuing the litigation, and setting the matter for trial.[1] Subsequently, while relator's petition for writ of

---

[1] The underlying case is *Chad Gunal v. Keith Gross*, cause no. 2023-35730A, decided by the 309th District Court of Harris County, the Hon. Linda Dunson, presiding.

mandamus was pending, the trial court dismissed the underlying case on May 22, 2024.[2]

This Court "cannot decide a case that has become moot." *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 162 (Tex. 2012); *see also In re Salverson*, No. 01-12-00384-CV, 2013 WL 557264, at *1 (Tex. App.—Houston [1st Dist.] Feb. 14, 2013, orig. proceeding) (mem. op.) ("If a proceeding becomes moot, the court must dismiss the proceeding . . . ."). Because the underlying case has been dismissed, relator has received the relief requested in his petition for writ of mandamus, i.e., dismissal of the underlying case. *See In re Johnson*, 599 S.W.3d 311, 312 (Tex. App.—Dallas 2020, orig. proceeding); *In re Jackson*, No. 01-12-00020-CV, 2012 WL 405707, at *1 (Tex. App.—Houston [1st Dist.] Feb. 9, 2012, orig. proceeding) (mem. op.) (dismissing mandamus petition as moot after relator received relief requested).

---

[2] An appellate court has the discretion to take judicial notice of adjudicative facts that are matters of public record on its own motion. *See* TEX. R. EVID. 201(b); *In re Estate of Hemsley*, 460 S.W.3d 629, 638 (Tex. App.—El Paso 2014, pet. denied). Generally, appellate courts take judicial notice of facts outside the record only to determine jurisdiction or to resolve matters ancillary to decisions which are mandated by law. *SEI Bus. Sys., Inc. v. Bank One Texas, N.A.*, 803 S.W.2d 838, 841 (Tex. App.—Dallas 1991, no writ); *see Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 624 (Tex. 2012). For example, "[I]t is appropriate to take judicial notice of the official record to determine the current status of the underlying case." *In re Ramirez*, No. 08-15-00270-CV, 2015 WL 6768739, at *1, n.1 (Tex. App.—El Paso Nov. 5, 2015, orig. proceeding) (mem. op.). Accordingly, we take judicial notice of the trial court's May 22, 2024 Order of Dismissal.

Accordingly, we dismiss the petition for writ of mandamus as moot. Any pending motions are also dismissed as moot.

## PER CURIAM

Panel consists of Justices Kelly, Landau, and Rivas-Molloy.